Robert D. VOELKER, Plaintiff-Appellant,

v.

The TRAVELERS INDEMNITY COMPANY, Defendant-Appellee.

No. 12346.

United States Court of Appeals Seventh Circuit.

Oct. 13, 1958.

Latham Castle, Atty. Gen., William C. Wines, Asst. Atty. Gen., Raymond S. Sarnow, A. Zola Groves, Edward M. White, Asst. Attys. Gen., of counsel, for appellant.

William H. Symmes, Chicago, Ill., David Jacker (of Kirkland, Ellis, Hodson, Chaffetz & Masters), Chicago, Ill., for appellee.

Before DUFFY, Chief Judge, and MAJOR and HASTINGS, Circuit Judges.

MAJOR, Circuit Judge.

Robert D. Voelker, a Sergeant in the Illinois National Guard, was sued in the State Court of Minnesota for damages allegedly sustained as the result of a collision between a truck driven by Voelker and an automobile driven by plaintiff in that action. Voelker instituted the present suit in the Superior Court of Cook County, Illinois, for a declaratory judgment, praying for a determination that he was covered by a policy of insurance issued by Travelers Indemnity Company and that it was obligated to take over the defense of the Minnesota suit. The case was appropriately removed to the District Court for the Northern District of Illinois on the ground of diversity of citizenship, with the requisite jurisdictional amount.

The policy of insurance was issued for one year, commencing July 31, 1955. Voelker was the named insured and the automobile covered was described as "1— 1953 Pontiac 2 Door Sedan." In July 1956, Voelker went to Minnesota with the National Guard to participate in summer military maneuvers. On July 19, 1956, he was driving in a military convoy a truck which collided with an automobile operated by a civilian, which gave rise to the suit in Minnesota, as noted.

The District Court by its order of April 2, 1958, entered in connection with a memorandum, held in favor of defendant and ordered a dismissal of plaintiff's action. From this order plaintiff appeals.

Plaintiff in this Court is represented by the Attorney General of Illinois who by statute is charged with the duty of representing National Guardsmen in actions arising out of accidents occurring while such Guardsmen are on active duty. Ill.Rev.Stat.1957, ch. 129, § 271.

Plaintiff relies upon the following policy provision:

"If the named insured is an individual * * * and if during the policy period such named insured owns a private passenger automobile covered by this policy, such insurance as is afforded by this policy under Coverages A, B, D and F, with respect to said automobile apply with respect to any other automobile * * *."

Defendant contends that liability is excluded by other provisions of the same policy, particularly:

"* * * (d) This insuring agreement does not apply:

"(1) to any automobile owned by or furnished for regular use to either the named insured or a member of the same household other than a private chauffeur or domestic servant of such named insured or spouse * * *"

and "(3) under Coverages A, B, or D, to any automobile while used in a business or occupation of such named insured or spouse except a private passenger automobile operated or occupied by such named insured, spouse, private chauffeur or domestic servant * * *."

■ It will be noted that the insuring clause covers "a private passenger automobile" and that the protection afforded applies with respect "to any other automobile." It is suggested that the phrase, "to any other automobile," should be construed as including only another passenger automobile. This suggestion, however, is not pressed and we think that "any other automobile" includes a truck as well as a passenger automobile. Thus, defendant if it is to escape liability must come within the exclusory language of the policy. The question under paragraph 1 of the exclusion clause is whether the truck driven by plaintiff at the time of the collision was "furnished for regular use" by him (the named insured), and under paragraph 3, whether the truck at the time of the collision was "used in a business or occupation of such named insured." If both or either of these questions are answered in the affirmative, defendant is absolved of liability.

It appears material to set forth some of plaintiff's activities as a member of the National Guard, which he joined in 1949. In 1952, he received a military driver's license qualifying him to drive military vehicles of various sizes and types. He was required to attend school in order to qualify as a driver of such vehicles. The National Guard has various activities, meets every week and frequently participates in firing practice and parades. Plaintiff and other members each year attend a two-week summer encampment. In 1956, the encampment was held at Camp Riley, Minnesota, a three-day trip from Chicago. On July 19, 1956, plaintiff while making the three-day return trip was operating a two and one-half ton military vehicle with a one ton trailer attached, in a military convoy operating under orders from the commanding officer. It was during this trip that the truck driven by plaintiff collided with an automobile, which gave rise to the action brought against plaintiff, as previously stated.

Plaintiff was licensed by the National Guard so that he would be available for the driving of military vehicles whenever the National Guard might be activated for service, either for a national or local emergency. Plaintiff at the time of the collision and prior thereto was regularly employed by Hayes Freight Line.

■ The parties cite no case of record and we know of none which furnish any

aid in solving the instant problem. The nearest approach perhaps is Campbell v. Aetna Casualty & Surety Co., 4 Cir., 211 F.2d 732, relied upon by plaintiff, and Farm Bureau Mutual Auto Ins. Co. v. Boecher, Ohio App., 48 N.E.2d 895, relied upon by defendant. The Aetna case, quoting from a previous District Court case, stated, in 211 F.2d at page 736:

" 'The general purpose and effect of this provision of the policy is to give coverage to the insured while engaged in the only infrequent or merely casual use of an automobile other than the one described in the policy, but not to cover him against personal liability with respect to his use of another automobile which he frequently uses or has the opportunity to do so.' "

In the Farm Bureau case [37 Ohio App., 48 N.E.2d 896], the insured, an automobile salesman, was involved in an accident while driving one of the company automobiles available for sale. It was the first time that he had operated the specific auto but the entire fleet was subject to his use. In that case it was held that the specific car driven by the salesman at the time of the accident was "furnished for regular use," within the policy language.

The District Court concluded that the truck driven by plaintiff was furnished to him "for regular use," within the meaning of the policy, and that it was "used in a business or occupation" by plaintiff while on paid military duty. No authority was cited for the Court's conclusion.

■ While the question of defendant's freedom from liability under the exclusion clauses is not free from doubt, we are of the view that the trial court reached the right conclusion. Certainly we are not convinced to the contrary. It is grossly unreasonable to think that either the insurer or the insured, upon issuance of the policy covering the latter's private passenger automobile and incidentally making such coverage applicable "to any other automobile," contemplated that the coverage extended to the insured while driving a truck as a member of the National Guard. Such coverage would have greatly increased the hazard against which the insured was protected, and as a matter of common knowledge would likewise have greatly increased the premium for such coverage. Even so, we recognize that plaintiff is entitled to rely upon the policy provisions as written by the insurer. What constitutes "regular use" depends upon the circumstances of the case. Certainly the truck driven by plaintiff at the time of the collision was in the "regular use" of the National Guard. The National Guard was only capable of acting through its members. Some of its members, including plaintiff, were specially trained to drive its trucks and vehicles. They did so on numerous occasions and were subject to do so at any time upon request. The fact that plaintiff had not previously driven this particular truck is immaterial. He was driving it in his line of duty for a period of three days. It seems reasonable to think that the truck was furnished him for his "regular use" while acting in performance of his duties as a member of the National Guard.

■ It is also our view that the truck was being "used in a business * * * of such named insured." It was being used in the business of the National Guard, of which plaintiff was a member. In discharging his obligation to the National Guard, we think that in driving the truck he was not only engaged in its business but in his own business as well. This view may be weakened to some extent by the fact that plaintiff was only driving the truck on this particular occasion for a period of three days. Suppose, however, he had been called upon, as he might have been, to drive the truck for a period of three weeks or three months. It would then seem plain that it was being used by the insured in his business as a member of the National Guard. We do not think, however, that a determination of the question should to be made to depend upon the length of time during which the truck was being used by plaintiff. Neither do we think

that the fact that plaintiff had other employment upon which he depended for his livelihood detracts from the view that he was also engaged in a business as a member of the National Guard. A person during the same period can be engaged in more than one business. Such was plaintiff's situation.

The judgment appealed from is

Affirmed.