Rebecca B. **BLACKWELL** and William G. Blackwell, Appellants,

v.

**UNITED STATES** of America and Aetna Casualty and Surety Company, Appellees.

No. 20121.

United States Court of Appeals Fifth Circuit.

July 30, 1963.

& Phillips, Baton Rouge, La., for appellee, Aetna Casualty & Surety Co.

Before TUTTLE, Chief Judge, JONES, Circuit Judge, and De VANE, District Judge.

JONES, Circuit Judge.

Joel Rousselle, Jr. had been a member of the Louisiana National Guard for a number of years and was a Staff Sergeant at the time of the occurrence from which this litigation arose. Sergeant Rousselle was the driver of a two-and-a-half-ton truck in a convoy of the National Guard en route to Camp Polk, Louisiana, for an annual training period of two weeks. The truck was owned by the United States and was operated with gasoline purchased with funds of the United States. Sergeant Rousselle was being paid with funds supplied by the United States. Sergeant Rousselle was not, nor was his National Guard unit, then in active federal service. Engine trouble caused Sergeant Rousselle to drop out of the convoy. After getting his truck going, Sergeant Rousselle attempted, pursuant to orders of his superiors, to find his place in the convoy. About two o'clock on the morning of July 16, 1961, the truck was stopped without lights or flares on a public highway. Norman Blackwell, nineteen years of age, riding his motorcycle upon the highway, collided with the truck and was fatally injured. Following his death his parents brought an action against the United States under the Federal Tort Claims Act, 28 U.S.C.A. § 2671, seeking damages for wrongful death and asserting negligence. The motion by the United States for summary judgment was granted.

By an amendment to their complaint, the Blackwells joined Aetna Casualty and Surety Company as a defendant. The amended and supplemental complaint alleged that Aetna had issued a policy of public liability insurance to Sergeant Rousselle covering a Chevrolet car owned by him, and the insurance coverage of the policy extended to the operation of the truck which was involved in the fatal accident. Aetna moved for a summary

Robert S. Cooper, Jr., Alva Brumfield, Sylvia Roberts of Brumfield, Turner & Cooper, Baton Rouge, La., for appellants.

Morton Hollander, Terence N. Doyle, Attys., Dept. of Justice, John W. Douglas, Acting Asst. Atty. Gen., Louis C. LaCour, U. S. Atty., Washington, D. C., for the United States.

F. W. Middleton, Jr., and John I. Moore, of Taylor, Porter, Brooks, Fuller

judgment and attached to its motion a copy of the policy it had issued. The policy provided coverage of the named insured with respect to a non-owned automobile. A non-owned automobile is defined in the policy as one not owned by or furnished for the regular use of the named insured or any relative. Among the policy exclusions was the provision that the policy did not apply to a non-owned automobile while used (1) in the automobile business or (2) in any other business or occupation of the insured except a private passenger automobile operated or occupied by the named insured, his chauffeur or servant. The court granted Aetna's motion for summary judgment.

The Blackwells have appealed from each of the summary judgments against them.

 The rule is well established that a member of the National Guard who is not a caretaker and who has not been called into federal service is not an employee of the United States within the meaning of the Federal Tort Claims Act. See Storer Broadcasting Co. v. United States, 5th Cir. 1958, 251 F.2d 268, where the authorities are collected, and United States v. Prager, 5th Cir. 1958, 251 F.2d 266. The appellant would have us hold that the law of Louisiana should govern the question as to whether Sergeant Rousselle was a federal employee. Such is not the law. The question is one with respect to which the federal statutes govern. 28 U.S.C.A. §§ 1346(b), 2671; Courtney v. United States, 2nd Cir. 1956, 230 F.2d 112. The summary judgment for the United States was properly granted.

The question as to the application of the exclusion clause of the Aetna policy to facts such as are before us in this case was considered by the Seventh Circuit and there resolved against the appellants. Voelker v. Travelers Indemnity Co., 7th Cir. 1958, 260 F.2d 275, aff. D.C., 172 F.Supp. 306. The court held that the National Guard training activity was a business or occupation. We reach the same conclusion. Sergeant Rousselle and the other members of the National Guard, while in active duty, are compensated for their services and are under the orders of their superiors. We have no difficulty in agreeing with the Seventh Circuit's view that such activity is a business or occupation. The summary judgment for Aetna was properly granted. The question as to whether there was a regular use of the truck by Sergeant Rousselle need not be considered.

The judgments of the district court are Affirmed.