David KERN, a Minor, by Arthur Kern, his Next Friend, and Robert Appleby, Plaintiffs,

v.

LIBERTY MUTUAL INSURANCE COMPANY, a corporation, Defendant.

No. 67 C 66(2).

United States District Court
E. D. Missouri, E. D.
Sept. 27, 1967.

Hullverson, Richardson & Hullverson, St. Louis, Mo., for plaintiffs.

Ralph C. Kleinschmidt, Evans & Dixon, St. Louis, Mo., for defendant.

## MEMORANDUM

MEREDITH, District Judge.

This suit and counterclaim for declaratory judgment to construe an automobile liability insurance policy have been submitted to the Court on stipulation of facts and briefs filed by the parties.

The suit arises out of an accident which occurred on February 12, 1965, wherein one David Kern, a minor pedestrian, sustained serious injuries when struck by a vehicle operated by Robert Appleby. Suit was filed on his behalf in the Circuit Court of St. Louis County against Robert Appleby and the Ferguson Church of the Nazarene, for whom Appleby was working at that time. By agreement of the parties, that case is being held in abeyance pending disposition of this declaratory judgment action.

Plaintiff Kern, a resident of Missouri, filed a declaratory judgment in the Circuit Court of the City of St. Louis against Appleby's insurer, Liberty Mutual Insurance Company, defendant herein, and Robert Appleby, nominal defendant. Liberty Mutual Insurance Company (hereinafter referred to as "Liberty") is a Massachusetts citizen, with its principal place of business in Boston, Massachusetts. On Liberty's application, the cause was removed to the Federal Court and Robert Appleby was realigned as a party-plaintiff. The amount in controversy is $25,000, the single limit of liability under the insurance policy, and this Court has jurisdiction under 28 U.S.C. §§ 1332 and 2201, and Rule 57, F.R.Civ.P.

At the time of the accident, Appleby was employed by the Ferguson Church of the Nazarene as assistant to the pastor. The Ferguson Church of the Nazarene operated a parochial school with classes for about one hundred children in connection with its church, and Appleby assisted at the school. The church provided school bus transportation for those children who requested it, either on a monthly fee or donation basis, and for this purpose the school owned two Volkswagen buses which were driven by two hired chauffeurs and insured by the school for the minimum limits of $10,000 each, which coverage is not involved in this litigation.

These buses were of the usual Volkswagen bus design, but had flashing lights, a stop arm, a different means of opening the door, and "school bus" marking. The bus involved in the accident was used to transport school children and occasionally for church functions. The church had regulations that it could not be used for any other purpose. The drivers could pick up only school children who were paying the specified donation or fee.

Appleby was formerly a regular driver for the bus and he had obtained a license as a chauffeur. He drove the bus on a temporary or replacement basis when one of the regular drivers was absent. His temporary driving occurred quite frequently, sometimes two or three times a week. At the time of the accident, Appleby was driving the bus over the regular school route. He had just completed discharging the passengers and was returning to the church school.

Appleby owned a 1962 Rambler stationwagon which is the vehicle insured by defendant under a standard automobile liability policy applied for and delivered in Missouri, his place of residence at the time. The insured vehicle was not involved in the accident.

The parties have stipulated that all policy conditions have been complied with.

Plaintiff has asked that the Court construe the insurance policy in force at the time of the accident and declare the rights of the parties herein, that it find that the policy covered Appleby in the circumstances of the above-described accident, and that it, therefore, order defendant to defend and pay (within the limits of the policy) any judgment for which defendant Appleby is held liable as a result of Kern's suit against him. Defendant counterclaims against Kern

and crossclaims against Appleby for a declaratory judgment stating that it is not obligated to defend Appleby nor to pay on behalf of Appleby any sums which he may become obligated to pay as damages because of bodily injury sustained by Kern in the accident of February 12, 1965.

The Missouri law governs this case.

Whether or not defendant is obligated to defend Appleby depends on the construction given to the following paragraphs of the insurance policy:

"PART I—* * *

"Liability Coverage

"The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages, because of bodily injury or property damage, arising out of the ownership, maintenance or use of an owned automobile or a non-owned automobile, and the company shall defend any suit alleging such bodily injury or property damage and seeking damages which are payable under the terms of this policy, even if any of the allegations of the suit are groundless, false or fraudulent; but the company may make such investigation and settlement of any claim or suit as it deems expedient."

"Definitions

"When used with respect to Part I:

" 'non-owned automobile' means an automobile not owned by or furnished or available for the regular use of either the named insured or any resident of the same household, and includes, while used therewith, a home trailer not owned by the named insured or a utility trailer, but 'non-owned automobile' does not include a temporary substitute automobile;"

"Exclusions

This policy does not apply:

"Under the Liability Coverage and, except with respect to bodily injury or death through being struck by a highway vehicle, under the Medical Expense and Accidental Death Benefit Coverages,

"(h) to a non-owned automobile while maintained or used by any person while such person is employed or otherwise engaged in any other business or occupation, but this exclusion does not apply to a private passenger automobile operated or occupied by the named insured or his private chauffeur or domestic servant, or a utility trailer used therewith;"

The Missouri courts have held regularly that an insurance policy is a contract. Plain and unambiguous language must be given its plain meaning. The contract should be construed as a whole, but insofar as open to different construction, that most favorable to the insured must be adopted. See Giokaris v. Kincaid, 331 S.W.2d 633, 86 A.L.R.2d 925 (Mo.S.Ct.1960); Clarkson v. MFA Mutual Ins. Co., 413 S.W.2d 10 (Mo.App. 1967).

Defendant argues and the Court agrees that the automobile owned by the Ferguson Church of the Nazarene does not fall within the policy definition of "non-owned automobile", because it was "furnished or available for the regular use of the insured." In the case of Voelker v. Travelers Indemnity Co., 260 F.2d 275 (1958), the Seventh Circuit Court of Appeals discussed this issue under insurance policy provisions nearly identical to those of the case at bar. There the insured, Voelker, was involved in an accident while driving a National Guard truck. The insured was not a full-time member of the National Guard, but he had been trained and licensed by the National Guard to drive military vehicles. At the time of the accident, insured was attending a two-week summer military encampment, and in line with his duties there, he was furnished with the truck for three days. The Court said that during these three days he had "regular use" of the truck, that it was essential for performing his duties as a member of the National Guard, and that as "regular use" of a "non-owned automobile" (which the

363

Court decided included trucks), was excluded from coverage, the insurance policy did not cover Voelker while he was driving the National Guard truck. In the case at bar, a part of the insured's "regular duties" included driving a school bus. Appleby frequently used the bus to transport school children to the church school. Therefore, the vehicle was "furnished or available for the regular use of the insured," and as such is excluded from the insuring clause of the policy.

Even though we were to construe the vehicle in question to be a "non-owned" automobile as argued by the plaintiff because of the use of the disjunctive "or" in defining a "non-owned" automobile, it is necessary that the exclusions of the policy be examined. Exclusion (h), quoted in full above, excludes from coverage a non-owned automobile used while a person is employed or otherwise engaged in any other business or occupation, but this exclusion does not apply to a private passenger automobile operated by the named insured.

Therefore, if the automobile involved in the accident is "non-owned" and also a private passenger automobile, it is covered by the policy even though it is used in the business or occupation of the insured.

The parties have stipulated concerning the Volkswagen as follows:

"The bus in question is a regular Volkswagen bus. It differed in the color, flashing lights, a stop arm, 'school bus marking,' and the method of opening the door. Structurally the bus is of the usual Volkswagen carryall design, a four-wheel vehicle with three full seats. It was used to transport school children and for church functions occasionally. The church had regulations that it could not be used for any other purpose. The drivers could pick up only school children who were paying the specified donation or fee."

The policy defines automobile as follows:

" 'automobile' means a four wheel land motor vehicle designed for use principally upon public roads;"

It defines "private passenger automobile" as follows:

" 'private passenger automobile' means a private passenger or station wagon type automobile;"

Detmer v. United Security Ins. Co., 309 S.W.2d 713 (Mo.App.1958), after reviewing a number of cases, states at p. 717:

"It is our opinion and the cases cited herein support such belief, that in each case the ultimate question to be determined is one of fact—that is, was the automobile within the meaning of the policy, a 'private passenger automobile'? Was it a motor vehicle designed and commonly used for and was it actually being used for transporting passengers? In order to determine this ultimate question, evidence as to the construction of the vehicle, how such vehicle was commonly used, and how it was being used is competent and material."

In the instant case the plaintiff argues that since the bus in question does not operate as a public conveyance for hire, it is a private passenger automobile.

■ Applying the rules of *Detmer*, supra, the primary use of the vehicle was to transport children, who paid a specified fee or donation, to the church school. The marking, design and construction was that of a "school bus".

This Court finds this vehicle is not a "private passenger automobile".

Judgment will be entered in favor of defendant Liberty Mutual Insurance Company and against plaintiffs, declaring that defendant's policy of insurance No. A02–243–55295 does not apply to nor insure against any legal liability of Robert Appleby with respect to the *claim* of David Kern.