286 So.2d 493 (1973)
Thomas R. RIKER
v.
AETNA CASUALTY & SURETY COMPANY.
No. 9539.
Court of Appeal of Louisiana, First Circuit.
November 12, 1973.
Rehearing Denied January 4, 1974.
*494 Jimmy R. Major, Baton Rouge, for appellant.
W. Luther Wilson, Baton Rouge, for appellee.
Before SARTAIN, TUCKER and WATSON, JJ.
JACK C. WATSON, Judge ad hoc.
The facts in this case were stipulated by both parties. Plaintiff, Thomas R. Riker, is the owner of a pickup truck which he loaned to Rudolph Estess, Jr. While Mr. Estess was driving three friends to a barbecue, the truck was involved in an accident with an uninsured vehicle. Mr. Estess was not at fault in the accident. Rudolph Estess, Jr. is the named insured in a family automobile insurance policy issued by The Aetna Casualty and Surety Company, and Mr. Riker filed this suit against Aetna to recover for the damage to his pickup.
Part III of Aetna's policy entitled "Physical Damage" states that a "non-owned automobile means a private passenger automobile ...", defined in Part I of the policy, entitled "Liability", as "... a four wheel private passenger, station wagon or jeep type automobile;". This definition was held to exclude a pickup, Gray v. North American Company for Life, Accident and Health Insurance, 128 So.2d 223 (La.App. 2 Cir. 1961), being cited. The trial court therefore held that there was no coverage under Aetna's policy and dismissed plaintiff's suit.
Plaintiff has appealed, contending that a pickup truck is a private passenger automobile. Defendant asserts that the trial court was correct in holding that a pickup is not a private passenger automobile.
We note that the policy considered in the Gray case contains slightly different language than the Aetna policy in question here, the language in the former referring to "a private automobile of the exclusively pleasure type" (emphasis ours). We also note that in the Gray case the court stated,
"Forasmuch as a determination thereof is immaterial, we pretermit deciding whether or not a pick-up truck with load capacity of less than 1,500 pounds is a private passenger automobile within the contemplation of the Louisiana Casualty Insurance Rating Bureau and as defined by the Manual of Automobile Insurance, setting out rules and rates to be followed by certain casualty and insurance companies doing business in the State of Louisiana, and we turn to the crucial question presented, that is, whether such a *495 pick-up truck is of the `exclusively pleasure type.'"

128 So.2d 223 at 225.
There appear to be no Louisiana cases bearing directly on the point at issue; that is, whether a pickup truck with a load capacity under 1,500 pounds is a private passenger automobile as that term is used in insurance policies referring to non-owned automobiles. The question was decided by a Texas court in the case of State Farm Mutual Automobile Insurance Company v. Durrett, 472 S.W.2d 214 (Tex.Civ.App. 1971), where a pickup was described as a four wheeled vehicle designed to carry passengers, a private rather than public conveyance, and a dual or multi-purpose automobile susceptible of varied uses. As such, it was found to be a private passenger automobile because of the use to which it was being put at the time of an accident. Under this rule, Mr. Estess' social use of Mr. Riker's pickup would make that multipurpose vehicle a private passenger automobile at the time of his accident. See Detmer v. United Security Insurance Company, 309 S.W.2d 713 (Mo.App.1958). The Texas court in Durrett also pointed out that one of the definitions given in that case and this, that of a jeep type automobile, could include a pickup. The resemblance is particularly close with the low bed type of pickup described as a "Ranchero" or "El Camino". The Durrett case is almost identical with the instant case and was followed in Hartford Accident and Indemnity Corp. v. Lowery, 490 S.W.2d 935 (Tex.Civ.App.1973). The court in the Lowery case pointed out "... that it is common knowledge that pickup trucks are generally used today primarily as passenger automobiles." 490 S.W.2d 935 at 939, 940.
Certainly, pickup trucks are used as private passenger automobiles by a growing number of people. Most citizens would be surprised to learn that their insurance policies intend a distinction between their use of a neighbor's car and his pickup. For this reason, we feel that if pickup trucks are to be excluded from the description of private passenger automobiles, this exclusion should be specific and easily understood by the general public.
The words "private passenger automobile" are used in Aetna's policy as essentially self-defining and do not exclude Mr. Riker's pickup. Examining the words as generally used and understood, there can be little dispute about the first two: the pickup was private in that it was owned by an individual and not used as a common carrier; a pickup can be used to carry passengers and this one was so used at the time of Mr. Estess' accident. The word "automobile" is the only word in Aetna's policy that can possibly be construed to exclude a pickup. Yet, Webster's Third New International Dictionary at p. 148 (3rd Ed. 1961), defines "automobile" as follows:
"a usu. 4-wheeled automotive vehicle designed for passenger transportation on streets and roadways and commonly propelled by an internal combustion engine using a volatile fuel (as gasoline)-".
It does not require the benefit of strict construction in favor of the insured and against the insurer to hold that the above definition includes a pickup.
Since we have concluded that a pickup can reasonably be construed as a private passenger automobile under Aetna's policy, Mr. Riker is entitled to recover from Aetna for the damage to his pickup, stipulated to be $2,100.00. The judgment of the trial court is reversed; and it is therefore ordered, adjudged and decreed that there be judgment herein in favor of plaintiff, Thomas R. Riker, and against the defendant, The Aetna Casualty and Surety Company, for the sum of $2,100.00. Plaintiff also prays for penalties and attorney fees but we find no merit to this claim. All costs are taxed against the defendant.
Reversed and rendered.