332 So.2d 588 (1976)
EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY OF WISCONSIN
v.
H. F. RICHARDS.
Robert W. CARLISLE
v.
H. F. RICHARDS.
Alvin A. WATTIGNEY
v.
H. F. RICHARDS et al.
No. 7625.
Court of Appeal of Louisiana, Fourth Circuit.
May 19, 1976.
Rehearing Denied June 9, 1976.
Francipane, Regan & St. Pee, Chester Francipane, Wayne H. Scheuermann, Metairie, for plaintiff-appellee.
Normann & Normann, Charles E. Leche, New Orleans, for defendant-appellant.
Before LEMMON, SCHOTT and MORIAL, JJ.
MORIAL, Judge.
Hartford Accident and Indemnity Company (Hartford) appeals from a judgment of the district court declaring it to have provided coverage under an insurance policy issued to Robert W. Carlisle.
On August 14, 1972 Robert W. Carlisle and his passenger, Alvin A. Wattigney, *589 were involved in a one-car accident while in a 1972 Ford ¾ ton pickup truck owned by their employer, Automatic Power Corporation (Automatic). Both men, at the time, were proceeding on company business in the company truck from New Orleans to Houston. As Carlisle proceeded along his route, two dogs ran onto the highway in front of the truck. In his attempt to avoid striking the dogs the accident occurred resulting in serious injuries to both men.
The negligence of Carlisle, having not as yet been passed upon by the trial court is not at issue on this appeal. What is at issue is whether an insurance policy issued by Hartford, Carlisle's personal automobile liability insurer, provides coverage.
Hartford admits that it issued a policy to Carlisle. It denies, however, that the policy provides coverage, as here, the insured is driving a non-owned ¾ ton pickup truck in connection with his employment. Employers Mutual Liability Insurance Company of Wisconsin (Employers), the liability insurer of Automatic and its employee, Carlisle, a driver of the truck, filed a motion for summary judgment and/or declaratory judgment in the district court seeking a ruling that the Hartford policy provides coverage for its insured from any liability which might be imposed as a result of this accident. The trial court granted Employers' motion. Hartford appeals. We affirm.
The applicable policy provisions provide as follows:
"COVERAGE ALIABILITY: The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage, arising out of the ownership, maintenance or use of an owned automobile or a non-owned automobile. . . .
"Exclusions:
This policy does not apply:
Under coverage ALiability. . . .
To a non-owned automobile while maintained or used by any person while such person is employed or otherwise engaged in any other business or occupation, but this exclusion does not apply to a private passenger automobile operated or occupied by the named insured or his private chauffeur or domestic servant or a utility trailer used therewith: (emphasis added)
"Definitions:
"Private passenger automobile' means a private passenger or station wagon type automobile;
"Utility automobile' means an automobile of the truck type with a load capacity of 1500 pounds or less not used for business or commercial purposes other than farming."
The trial court found that the exclusion dealing with non-owned automobiles used in business was inapplicable because the vehicle here was a "private passenger automobile" and is thus specifically excepted from the exclusion under the terms of the policy. Hartford contends that to stretch the clear and unambiguous terms of the policy to have "private passenger automobile" include a ¾ pickup truck is absurd.
Although Louisiana jurisprudence on this point is limited, in both cases where the issue has been raised the courts have concluded that a pickup truck is a "private passenger automobile." See Riker v. Aetna Casualty & Surety Company, 286 So.2d 493 (La.App. 1 Cir. 1973); Wirick v. Wyble, 300 So.2d 571 (La.App. 3 Cir. 1974). Hartford asserts that these cases are distinguishable from the one at bar because of a difference in the policy definitions of "private passenger automobile." In Riker, supra, and Wirick, supra, "private passenger automobile" is defined as ". . . a *590 four-wheel private passenger, station wagon or jeep type automobile." The policy at bar does not include the category "jeep type automobile" in its definition.
We believe that the absence of the term "jeep type automobile" in Hartford's policy is not critical to our determination that a pickup truck is a "private passenger automobile." Although there is language in Riker, supra, indicating that the "jeep type automobile" designation is important, we do not believe that it was the determining factor in the court's decision. The court in Riker, supra, appears to have based its ruling primarily upon the current everyday concept of a pickup struck stating:
"Certainly, pickup trucks are used as private passenger automobiles by a growing number of people. Most citizens would be surprised to learn that their insurance policies intend a distinction between their use of a neighbor's car and his pickup. For this reason, we feel that if pickup trucks are to be excluded from the description of private passenger automobiles, this exclusion should be specific and easily understood by the general public." At 495.
The court in Wirick, supra, while noting that their policy included the phrase "jeep type automobile," did not in any manner discuss this as a basis for its decision. The court therein simply concluded that:
". . . in this day and time a pickup truck with a load capacity of 1,500 pounds is a private passenger automobile." At 575.
In view of the courts' language in Riker and Wirick, we see no substantial basis upon which to distinguish the issue presented herein.
As a final note, Hartford contends that the pickup cannot be a "private passenger automobile" because under the policy it is considered a "utility automobile." The policy defines the term "utility automobile" as "an automobile of the truck type with a load capacity of 1,500 pounds or less not used for business or commercial purposes other than farming." (emphasis added). Clearly, the pickup here does not fit within this definition due to its use for non-farming business purposes.
The judgment of the trial court is affirmed. Hartford Accident and Indemnity Company is to pay all costs.
AFFIRMED.
LEMMON, J., concurs.
LEMMON, Judge (concurring).
Exclusion (h), at issue here, uses the term "other business or occupation", referring to businesses other than public or livery conveyance and automobile business specially covered in the same group of exclusions. Exclusion (h) excludes coverage to a non-owned automobile while used for business purposes, except (pertinently) when the vehicle is a private passenger automobile operated by the named insured. The apparent purpose of the exception to the exclusion is essentially to allow the named insured to drive a company vehicle (other than to carry public passengers or to transport cargo) and still be covered without sole reliance on the employer's insurance.
An insured, who is aware of and concerned about the terms of his liability coverage, would not reasonably be informed by this policy language that he must obtain other coverage in order to be insured while driving his employer's ¾-ton pickup truck in the course of his employment for the purpose of transporting himself and a fellow employee from one city to another.[1] *591 The vehicle in the present case could reasonably be classified as a passenger automobile, both by reference to construction and to manner of use.[2] I am simply unwilling to tell this insured he is not entitled to the policy's liability coverage under these overall circumstances when the insurer did not tell him so in more unambiguous terms.
NOTES
[1] At the time of the accident the insured was driving himself and another employee to Houston, carrying only some light equipment and luggage. He used the truck, however, rather than a car, because he intended to bring a large piece of equipment back after working there for seven to ten days.
[2] See generally 10 Couch, Cyclopedia of Insurance Law § 41:268 et seq. (1962); 1 A Appleman, Insurance Law and Practice § 573 (1965); 38 A.L.R.2d 867 (1954).