RAWLS, Acting Chief Judge.
Appellant-plaintiff Battle filed his complaint against appellee Coleman and appel-lee State Farm Mutual Insurance Company alleging that Coleman negligently injured plaintiff and that Coleman was insured by a State Farm liability insurance policy. State Farm sought declaratory relief on the issue of insurance coverage. The trial judge granted State Farm’s motion for summary judgment holding that State Farm was not liable; hence this appeal.
The sole issue is whether State Farm’s liability insurance policy issued to Coleman on a 1965 Chevrolet also insured Coleman while he was driving a 1964 Ford van which was involved in the instant accident.
Although State Farm relies upon two exclusionary provisions of its policy in sustaining the summary judgment in its favor, we hold that determinative of this appeal is the “used in a business or occupation of the insured” exclusionary provision of the policy,[1] and thus pretermit any discussion as to the other exclusionary provision.[2] The following facts were not contradicted: Coleman was a member of a band known as the “Generation Gap” and had been playing with this band since its organization some seven years ago. The members of the band were equal owners of the van involved in the accident; it having been paid for out of band earnings as was gas and maintenance. Application for title to the van was submitted in the name of a friend of the band leader, because he was twenty-one years old and none of the members were twenty-one years of age when the van was purchased. The van was painted with the band slogan and was used in connection with the band business to carry instruments, sound equipment, and some of the band members to various business engagements. Coleman and other members of the band regularly took turns driving the van. At the time of the accident, the van was occupied by three band members (including Coleman, the alleged driver), their musical instruments and sound equipment, and was being driven to Lake City where the band had an engagement to play that evening. The business or occupation of Coleman was that of playing as a member of the “Generation Gap” band. He was engaged in that business or occupation when the accident occurred. It would be grossly unreasonable to think that either the insured or the insurer, upon the issuance of the liability insurance policy covering Coleman’s private automobile, contemplated that such coverage extended to the vehicle equitably owned and operated by Coleman and his fellow band members in pursuit of their business. Voelker v. Travelers Indemnity Co., 260 F.2d 275 (7th Cir. 1958); Annot., 85 A.L.R.2d 502 (1962).
AFFIRMED.
SMITH, J., and RUDD, JOHN A., Associate Judge, concur.

. Subsection (d)(3) of Section V, Use of Other Automobiles, states:
“(d) This insuring agreement does not apply:

(3) . . . to any automobile while used in a business or occupation of such named insured or spouse except a private passenger automobile operated or occupied by such named insured, spouse, private chauffeur or domestic servant;”

. Subsection (d)(1) of Section V, Use of Other Automobiles, provides:
“(d) This insuring agreement does not apply:
(1) to any automobile owned by or furnished for regular use to either the named insured or a member of the same household other than a private chauffeur or domestic servant of such named insured or spouse;”
State Farm contends that Coleman is an owner in that the van was • purchased with money •earned by the band and was owned equally by the band members, and that the van was regularly available to Coleman to be driven on band jobs.