367 So.2d 395 (1979)
Robert James WALKER, Plaintiff-Appellant,
v.
Ronnie COLEMAN, Defendant-Appellee.
No. 13756.
Court of Appeal of Louisiana, Second Circuit.
January 16, 1979.
Rehearing Denied February 28, 1979.
Writ Denied April 23, 1979.
Stafford, Randow, O'Neal & Smith, by Hodge O'Neal, III, Alexandria, for plaintiff-appellant.
Blanchard, Walker, O'Quin & Roberts by Jerald L. Perlman, Shreveport, defendant-appellee The Hanover Ins. Co.
Piper & Brown by Robert E. Piper, Jr., Shreveport, for third party defendant-appellee Ronnie Coleman.
Before PRICE, HALL and JONES, JJ.
En Banc. Rehearing Denied February 28, 1979.
PRICE, Judge.
Plaintiff, an employee of the Department of Public Works of the city of Shreveport, appeals from the summary judgment dismissing his claims for uninsured motorist protection against The Hanover Insurance Company, the liability insurer of the motor vehicles owned by this department of the city. Plaintiff was seriously and permanently injured when struck by an automobile driven by Ronnie Coleman while working as a member of a garbage pickup crew on a sanitation truck covered by the Hanover policy. Plaintiff joined Hanover as an additional defendant in his tort action against Coleman and alleged that Hanover affords uninsured motorist protection to him as an omnibus insured under its liability policy on the sanitation truck as this coverage is mandatory under La.R.S. 22:1406 unless rejected by the insured. Hanover, in its motion for summary judgment, contends that the liability policy issued by it which covers the fleet of vehicles assigned to the department provides uninsured *396 motorist coverage only on certain private passenger automobiles as listed in the policy and does not provide this coverage on the sanitation trucks as it was rejected by the city. Additionally Hanover contends plaintiff was not an omnibus insured under the policy because he was not occupying or "in or upon or entering into or alighting from" the truck when injured.
The trial court in written reasons sustained the motion for summary judgment on finding that the subject policy limited the uninsured motorist protection to designated private passenger cars, and that the city had orally rejected this coverage on the sanitation trucks when the policy was first written with Hanover in 1969. The court further found the policy had been renewed with this understanding each succeeding year through 1975.
We find that the rejection of plaintiff's demands by summary judgment was in error and reverse for the reasons assigned.
The principal issues presented by plaintiff for review on appeal are as follows:
1. Does the policy as written specifically exclude uninsured motorist coverage on sanitation trucks?
2. If so, has Hanover shown that there is no genuine issue of material fact as to whether the city has properly rejected this coverage which is otherwise mandatory under La.R.S. 22:1406?
3. Is plaintiff an omnibus insured under the policy?
The primary argument of plaintiff that sanitation trucks are within the term "private passenger automobiles" which are specifically afforded uninsured motorist coverage by the description of the vehicles insured in the policy is without merit. Plaintiff relies on several cases which have construed the term "private passenger automobiles" to include "pickup trucks" in extending coverage under insurance policies. Employers Mut. Liability Ins. Co. of Wis. v. Richards, 332 So.2d 588 (La.App. 4th Cir. 1976); Wirick v. Wyble, 300 So.2d 571 (La.App. 3d Cir. 1974); Riker v. Aetna Casualty & Surety Company, 286 So.2d 493 (La.App. 1st Cir. 1973). The basis for such a holding in the foregoing cases was that the term "private passenger automobiles" is ambiguous when construed in relation to pickup trucks which are now commonly used for passenger purposes as well as other uses. This rationale has no analogy to a sanitation truck which has never attained any general usage by the public for passenger purposes as have pickup trucks. We find the policy as written did not include the sanitation trucks of the Department of Public Works under the description of the vehicles insured for uninsured motorist coverage.
The second and principal issue is whether the liability policy in effect in 1975, although written to exclude uninsured motorist coverage on any vehicle other than private passenger automobiles, does afford this coverage by the mandatory provisions of La.R.S. 22:1406 to the sanitation trucks also insured under this policy, or was this coverage shown to have been rejected by the city as permitted by this statute. Hanover contends the affidavits of the insurance agent, C. R. Dethloff, and the city officials show an original rejection of this coverage by the city acting through then Mayor Clyde Fant and Commissioner Dwight Saur in 1969 and subsequent rejections by the city acting through Public Works Commissioner Don Hathaway and Director of Operations Bill Lynch since 1970. Hanover does not contend that the rejection was ever made in writing, but relies on oral rejections allegedly supported by the affidavits and the policy itself. It contends the uninsured motorist statute in effect from 1969 through 1975 did not require the rejection to be in writing.
Plaintiff contends the rejection of uninsured motorist coverage is a substantial modification of the provisions of a liability policy, and to permit the introduction of oral testimony to establish the rejection would violate La.R.S. 22:628 which prohibits the use of parol evidence to vary the terms of an insurance contract.
We recognize that La.R.S. 22:628 is not directly in point to the instant situation *397 as the parol evidence attempted to be introduced is not inconsistent with the language of the policy as issued. However, the principle behind this statute should apply here. There is a strong public policy behind the enactment of the uninsured motorist statute. Unless rejected, the provisions of the statute place this protection in any policy of liability insurance issued in this state. It is a fundamental rule of insurance law that coverage is to be determined by the provisions of the contract and applicable statutes, and that there can be no oral variance of the coverage provided by contract and statute. We therefore hold that proof of a waiver of such statutorily mandated coverage must be in writing to be effective.
It should be noted that the legislature has since made it clear that the rejection must be in writing by the enactment of Act 438 of 1977 which amends La.R.S. 22:1406(D).
In any event there has not been a sufficient showing in the instant case of an absence of a genuine issue of material fact that the city made even an oral rejection of this coverage to sustain a motion for summary judgment.
Plaintiff took the deposition of Dethloff, Hathaway, and Lynch, and these depositions are contained in the record in opposition to the motion for summary judgment.
Hathaway and Lynch, in their depositions, indicate they really did not know anything about this coverage and never specifically discussed uninsured motorist coverage with Dethloff. Their review of insurance coverage was cursory and they decided to continue coverage as it then existed. Nothing in their testimony shows a specific rejection of this coverage.
Dethloff's testimony in deposition is not as positive in his recollection of his conversation with the two deceased officials of the city as that described in his prior affidavit. A jury could reasonably accept or reject his testimony as being sufficient to show a decision by the city in 1969 to reject uninsured motorist coverage. Therefore, the rejection of plaintiff's demands against Hanover by summary judgment was in error.
Hanover, in its motion for summary judgment, also raised the question of whether plaintiff was an omnibus insured under the policy definition of an insured as it contends plaintiff was not "in or upon or entering into or alighting from" the truck at the time he was struck by the automobile. Although the trial court did not find it necessary to rule on this issue, it is argued to this court and it is appropriate for us to consider it.
In support of its motion in this regard, Hanover filed the affidavit of a coworker who declared plaintiff was engaged in loading trash into the truck at the time he was struck and was therefore not "occupying, entering into or alighting from" the truck. This single affidavit does not establish conclusively the facts surrounding the accident, and this issue should only be resolved on trial on the merits.
For the foregoing reasons, we reverse the judgment of the trial court sustaining the motion for summary judgment and rejecting plaintiff's demands against The Hanover Insurance Company, overrule the motion for summary judgment, and remand the case for further proceedings not inconsistent with the views expressed herein. Appellee is cast for costs of this appeal. All other costs are to await final determination of this action.