REDMANN, Judge.
An automobile insurer appeals from a judgment for damages caused by its named insured’s minor son during a one-time operation of the son’s employer’s pick-up truck. The policy expressly covers non-owned automobiles when used by a relative residing in the named insured’s house. The questions are of interpretation of exclusionary clauses.
The policy provides that the insurer undertakes
To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of:
A. bodily injury .
B. injury to or destruction of property

arising out of the . . . use of the owned automobile or any non-owned automobile .
******
. The following are insureds under Part I:
******
(b) with respect to a non-owned automobile,
(1) the named insured,
(2) any relative [“resident of the same household”], but only with respect to a *651 private passenger automobile or trailer, provided his actual operation or (if he is not operating) the other actual use thereof is with the permission, or reasonably believed to be with the permission, of the owner and is within the scope of such permission, and
(3) any other person or organization not owning or hiring the automobile, but only with respect to his or its liability because of acts or omissions of an insured under (b)(1) or (2) above.
* * * * * *
“Non-owned Automobile” means an automobile or trailer not owned by or furnished for the regular use of either the named insured or any relative, other than a temporary substitute automobile;
“Private Passenger Automobile” means a four wheel private passenger, station wagon or jeep type automobile;
* * * * * *
Exclusions: This policy does not apply

(a) to any ■ automobile while used as a public or livery conveyance, .
$ # ‡ ⅜ ⅜ *
(g) to an owned automobile while used by any person while such person is employed or otherwise engaged in the automobile business, but this exclusion does not apply to the named insured, a resident of the same household as the named insured, a partnership in which the named insured or such resident is a partner, or any partner, agent or employee of the named insured, such resident or partnership;
(h) to a non-owned automobile while maintained or used by any person while such person is employed or otherwise engaged in (1) the automobile business of the insured or of any other person or organization, (2) any other business or occupation of the insured, but this exclusion (h)(2) does not apply to a private passenger automobile operated or occupied by the named insured or by his private chauffeur or domestic servant or a trailer used therewith or with an owned automobile .
We preliminarily note that a pick-up truck is within the policy’s definition of “private passenger automobile.” Employers Mut. L. Ins. Co. of Wis. v. Richards, La.App. 4 Cir. 1976, 332 So.2d 588.
We also rule that the son’s employer’s business of selling and repairing automobile radiators (and related parts) is not “repairing . . . automobiles ” and therefore is not “the automobile business” as defined, notwithstanding that two or three out of 40 or 50 radiators serviced a week came to the shop still attached to automobiles. We therefore do not further discuss exclusion (h)(1), which apparently intends a broader exclusion as to “automobile business” because it excludes in respect to the automobile business “of the insured or of any other person or organization ” while exclusion (h)(2) is only as to “any other business or occupation of the insured” (emphasis added).
We now turn to the principal question, which is the interpretation of exclusion (h)(2).
Helmich v. Northwestern Mut. Ins. Co., 7 Cir. 1967, 376 F.2d 420, 424, citing Cherot v. United States F & G Co., 10 Cir. 1959, 264 F.2d 767, 769, 71 A.L.R.2d 959, reasons that business or occupation in the exclusionary clause means “an undertaking engaged in with some regularity and for profit and income.” Helmich refused to apply an exclusion similar to (h)(2) to a university student’s driving a car from Chicago to Denver, which was for profit in that it provided him transportation back to school (as well as a flat sum intended as a gas and oil allowance). Our own minor driver was not employed to drive and driving was ordinarily no part of his occupation; he had never previously driven for his employer.
Also in point is the reasoning of Bowen v. Merchants Mut. Cas. Co., 1954, 99 N.H. 107, 107 A.2d 379, 385-6, which refused to apply a similar exclusion against an insured iceman who was driving his brother’s gravel *652 truck while the iceman was briefly disabled to lift ice:
The test for interpreting a contract of insurance is the meaning a reasonable person in the position of the insured would give to its terms. Farm Bureau Mutual Automobile Ins. Co. v. Manson, 94 N.H. 389, 392, 54 A.2d 580. The words “business” and “occupation” may have various meanings under particular circumstances but in general they are each commonly used in reference to the work in which one is regularly or usually engaged. See Canney v. Massachusetts Bonding & Ins. Co., 88 N.H. 325, 327, 189 A. 168. “One’s business * * * is the activity upon which he spends the major portion of his time and out of which he makes his living.” Employer’s Liability Assurance Corp. v. Accident & Casualty Ins. Co., 6 Cir., 134 F.2d 566, 568. Neither “business” nor “occupation” is generally understood to mean “an isolated or * * * temporary adventure in another line of endeavor.” Farmers Automobile Inter-Insurance Exchange v. Calkins, 39 Cal.App.2d 390, 394, 103 P.2d 230, 232.
The Bowen and Helmich interpretation is inconsistent, however, with one expression but not with the result in Lee v. Allstate Ins. Co., La.App. 1 Cir. 1973, 274 So.2d 433. Lee’s result was that the driver’s insurer was not liable. The court’s first explanation for its decision, at p. 437, was that the minor driver “was not driving with the permission of the named insured . .” (In fact, he was driving against the owner’s express wishes.) Because of lack of permission the court released the insurer of the automobile owner and, as the Supreme Court did in American Home Assur. Co. v. Czarniecki, 1969, 255 La. 251, 230 So.2d 253 (cited in Lee), the First Circuit Court in Lee could equally have released the minor driver’s father’s insurer on that basis: the insurer only insures a relative using a non-owned automobile who does so with permission of its owner (see our insuring clause (b)(2) above). But the court added that the minor driver was driving a non-owned automobile “in his occupation” (although only on one occasion and not as a regular part of his job) and therefore was not insured because of a clause excluding non-owned automobiles used in the “occupation of the insured.” It must be conceded that Lee’s interpretation is not consonant with that here espoused, although Lee’s interpretation may be said to have been unnecessary to its apparently correct result. Lee also gave a third reason for that result: the minor driver’s father’s insurance was expressly excess coverage over the minor’s employer’s insurance, and the damages were stipulated to be only $6,761 (apparently less than the primary insurance). Lee is clearly distinguishable from our case in that our driver did have permission to drive the non-owned car from its owner, and in that our driver’s insurance is not excess but the only insurance in this case.
The Bowen and Helmich interpretation is also consistent with the result, but not the reasoning, of Redden v. Liberty Mut. Ins. Co., La.App. 2 Cir. 1976, 327 So.2d 474, writ refused La., 331 So.2d 495. There the insured drove on only one occasion a non-owned truck for pay, delivering it from Ford Marketing Corporation by driving it from the railway station in Shreveport to its purchaser, Crescent Ford Truck Sales in New Orleans. It thus seems that the (h)(1) “automobile business” exclusion was squarely in point. The court reasoned, instead, that coverage was excluded because the insured was driving a non-owned automobile in his (“other”?) business or occupation. But Redden’s facts are clearly distinguished from ours in that the nature of our driver’s employment was not the automobile business.[1]
*653 Voelker v. Travelers Indem. Co., 7 Cir. 1958, 260 F.2d 275, applied a somewhat similar exclusion to deny coverage to an insured driving a military convoy truck (size not stated) on National Guard summer maneuvers. The court indicated early in its opinion that the insured did not “press” the contrary argument and thus the court “think[s]” that “any other automobile” includes a military convoy truck. Yet the court’s very first explanation of its ultimate decision is that it is “grossly unreasonable to think that . . . coverage applicable ‘to any other automobile,’ contemplated that the coverage extended to the insured while driving a truck as a member of the National Guard.” 260 F.2d at 278. The court also reasoned that, because the insured was a regular truck driver in the Guard, the truck was furnished for his “regular use.” And the court added last that the truck was being “used in a business * * * of such named insured,” quoting the policy. Blackwell v. United States, 5 Cir. 1963, 321 F.2d 96, followed Voelker in applying the exclusion to a Guardsman’s use of a 2½ ton military truck.
Both Voelker and Blackwell are distinguishable in that they involve part-time employment as truck drivers, in which the drivers regularly and for profit drive, and we do not view those cases as in conflict with our position.
Our position is that of Bowen and Helmich. A reasonable person, in the position of a father who buys a family automobile policy with coverage for occasional use (with permission) of non-owned automobiles, would not interpret exclusion (h)(2) to exclude coverage for a one-time, non-essential and unanticipated driving of a non-owned automobile in his minor son’s summer job, but instead would interpret it to exclude regular driving as part of employment. That is our interpretation, and we therefore agree with the trial judge that the exclusion does not defeat coverage.
Affirmed.

. To complete the Louisiana picture, we note that in Barnett v. City of Monroe, La.App. 2 Cir. 1960, 124 So.2d 249, the named insured was a police officer driving his regularly-assigned police car. The court applied the (h)(2) exclusion. We are not in disagreement with that application (assuming that the exception of “private passenger automobile operated . by the named insured” from (h)(2) does not except a publicly-owned passenger automobile, although the contrary view might be espoused by contrast with the “public or livery convey- *653 anee” exclusion). We add also that one’s regularly-assigned car at work may not meet the policy definition of a non-owned automobile, that is, “not owned by or furnished for the regular use of’ the insured.