LOBRANO, Judge.
This appeal requires us to interpret the provisions of an automobile liability insurance policy. The facts giving rise to this litigation are as follows:
A sixteen (16) foot U-Haul truck was rented by Barbara Hingle for the purpose of moving her household furniture. Louis Marcotte, III was driving the vehicle at the time of the accident in question. As he was backing the vehicle towards Ms. Hin-gle’s home he struck Lee P. Grieshaber (Grieshaber), the minor son of plaintiff Do- *608 minie C. Grieshaber,[1] causing bodily injury. At the time of the accident Marcotte’s automobile liability insurer was State Farm.
Grieshaber sued State Farm asserting that the U-Haul falls within the policy definition of a “non-owned” automobile, and thus is liable. State Farm asserts that the policy in question affords coverage only for “non-owned” automobiles which are either private passenger automobiles, farm automobiles or utility automobiles, none of which apply to the U-Haul truck.
At trial the parties agreed to the following stipulations:
1) If it is determined that State Farm provided coverage to Marcotte in this case then they would be liable for the sum of $4,000.00, and;
2) That the U-Haul Truck has two axles and six wheels, two wheels on each side of the rear axle and one on each side of the front axle, and the U-Haul was larger than a pick-up truck.
The trial court held that the policy did not afford coverage for operation of the' U-Haul. The trial court reasoned that the U-Haul does not fall within the policy definition of “non-owned” automobile. This appeal followed.
We quote the pertinent definition portions exactly as they appear in the policy.
“Definitions. Under Part 1:
******
‘owned automobile’ means (a) a private passenger, farm or utility automobile described in this policy for which a specific premium charge indicates that coverage is afforded.
******
‘non-owned automobile’ means an automobile or trailer not owned by or furnished for the regular use of either the named insured or any relative, other than a temporary substitute automobile;
‘private passenger automobile’ means a four wheel private passenger, station wagon or jeep type automobile;
‘farm automobile’ means an automobile with a load capacity of fifteen hundred pounds or less not used for business or commercial purposes other than farming; ‘utility automobile’ means an automobile, other than a farm automobile, with a load capacity of fifteen hundred pounds or less of the pick-up body, sedan delivery or panel truck type not used for business or commercial purposes other than farming.”
******
(Those portions underlined appear in bold print in the policy.)
All parties agree that the U-Haul was not owned by the insured, and thus our determination rests on an interpretation of the “non-owned automobile” definition. State Farm argues that the policy defines three types of automobiles, i.e. private passenger, farm and utility. Since those are specific definitions, they assert that the U-Haul does not fall within any of those categories. Grieshaber argues that there is no definition of “automobile” under the term “non-owned automobile” thus we should construe the policy in their favor because of its ambiguity. They assert the three categories of private passenger, farm and utility only apply or modify the definition of an “owned automobile”.
In Carney v. American Fire and Indemnity Co., 371 So.2d 815 (La.1979), our Supreme Court cited with approval, the following language from Hendricks v. American Employers Insurance Company, 176 So.2d 827 (La.App. 2nd Cir.1965) which we also find pertinent:
"The contract before the court in this case is, of course, not an ordinary business contract, but rather it is one of insurance. While it is true that the law of contracts and conventional obligations is applicable to contracts of insurance in general, there are some vital differences. One such difference is that contracts of insurance are unilaterally prepared in the confection of which the insured has no *609 part. It is for this reason that it has become well-settled law in the field of insurance that words and phrases employed in a contract of insurance are to be construed, interpreted and defined in their ordinary and popular sense, rather than in a technical, philosophical or limited sense; that such words and phrases are to be construed liberally in favor of the policyholder and that all ambiguities are likewise to be resolved in favor of the policyholder, (citations omitted)
Insurers may limit their liability where such limitation is clearly and expressly set forth in the contract of insurance. Such limitations or exclusions, however, must be free of ambiguity and sufficiently understandable to any given insured that it may be said that, in entering into the agreement containing such limitation, he understood and consented to such limitation. If the words or terms used in insurance policies are subject to more than one accepted meaning, then such words must be construed, in the sense which is more favorable to the insured, unless such interpretation would lead to absurd results.” (citations omitted) Carney, supra, at 818.
We agree with Grieshaber’s argument that the policy does not define “automobile” as it appears in the phrase “non-owned automobile.” Although State Farm argues to the contrary, the policy is clear that the three classifications of private passenger, farm and utility only apply to the definition of “owned automobile”. The definition of “owned automobile” specifically refers to those three classifications, and states “described in this policy”. The definition of “non-owned automobile” does not contain those classifications, nor does it refer to them. The subsequent definitions of private passenger, farm and utility automobile are clearly an explanation of those terms as used in the definition of “owned automobile”. Thus we conclude that the policy is ambigious and unclear in its description of automobile as used in the term “non-owned automobile”.
In Carney, supra, the Court found the language of the policy ambigious, and thus held a “Formula F” racing vehicle to be an automobile within the policy. In Employers Mutual Liability Insurance Co. v. Richards, 332 So.2d 588 (La.App. 4th Cir. 1976) this Court held a ¾ ton pick-up truck to fall within the definition of a private passenger automobile. In Hidalgo v. Allstate Insurance Co., 374 So.2d 1261 (La. App. 3rd Cir.1979) the court noted that the word automobile as used in the term “uninsured automobile” was not defined, and thus held that a go-cart would fall within the policy.
Since State Farm’s policy is ambigious with respect to the term automobile as used in “non-owned automobile”, we conclude that it does include the U-Haul vehicle under consideration in this case. We interpret the policy in terms which are more favorable to the insured, Carney, supra. It is not unreasonable to conclude that State Farm intended to be specific in their definition of “owned-automobile” since it can be presumed that their exposure would be considerably greater under that provision, and thus the necessity for a specific premium charge. It can be anticipated that the insured would use the “owned automobile” to a much greater extent than the “non-owned automobile”. Furthermore, it would be reasonable to conclude that State Farm did not intend to restrict the policyholder’s coverage in his use of a “non-owned vehicle” since it failed to include such restrictive language in its policy.
We therefore reverse the judgment of the trial court, and render judgment in favor of Lee P. Grieshaber and against State Farm Automobile Insurance Co. in the full and true sum of $4,000.00, plus all costs.
REVERSED AND RENDERED.

. The suit was originally filed by Dominic C. Grieshaber on behalf of his minor son, but subsequently the minor attained the age of majority and was substituted as plaintiff.