J. BRUCE NACCARI, Judge Pro Tem.
This case arises from a three-vehicle accident, in which the plaintiff was injured. The plaintiff appeals a summary judgment dismissing one of the several insurer-defendants.
The accident occurred on May 14, 1982. It is undisputed that the defendant, David E. Miller, was driving a passenger car owned by his employer, Macke Building Services, and was on a company errand. Charles A. Lewis, the plaintiff, sued, among others, State Farm Mutual Insurance Company, insurer of Miller’s personal cars. State Farm denied coverage for the accident and moved for summary judgment. The only issue before this court is whether summary judgment was appropriate.
The controversy revolves around the definitions of automobiles in the policy: “owned automobile”, “non-owned automobile” and “temporary substitute automobile”.[1]
These definitions are crucial because coverage is extended to an owned automobile and a temporary substitute automobile. The policy does not cover a non-owned automobile which is being used in the occupation of the insured except when the automobile is a private passenger automobile (“a four wheel private passenger, station wagon or jeep type automobile”) being driven or occupied by the named insured.[2]
*432 Although a company car obviously cannot be owned by the insured, under the language of the policy definition of “non-owned” such a car is specifically excluded if “furnished for the regular use of either the named insured or any relative.”
With its motion for summary judgment State Farm submitted the affidavit of the defendant, David E. Miller, attesting that the Chevrolet sedan he was driving was owned by Macke Building Services, Inc. and furnished for his regular and exclusive use. In the memorandum in support, the defendant quoted the policy definition of “non-owned automobile” and denied coverage because the policy did not apply to a vehicle furnished for the regular use of the named insured.
The appellant does not deny that the car was furnished for Miller’s regular use and maintains that the car is a “non-owned automobile.” It is a “private passenger automobile” driven by the named insured; therefore, it falls under the exception to the policy exclusion (h)(2) of a non-owned automobile while being used in a person’s occupation.
The appellant points out that the car driven by Miller was neither an “owned automobile” nor “temporary substitute automobile” nor “non-owned automobile” within the meaning of the policy. The courts have explained that the seemingly paradoxical situation in which an employer’s vehicle falls under none of the definitions is an intentional exclusion of company cars by the insurers. The rationale is explained in Nevels v. Hendrix, 367 So.2d 33 (La.App. 4th Cir.1978), as follows at 35:
“... The basic reasoning underlying the ‘furnished for regular use’ exclusion in employment situations is that the family automobile policy is not designed to cover an employer’s vehicle regularly used by the employee for employment purposes (since the employer should cover these risks) or an employer’s vehicle regularly used by the employee for personal purposes (since if the employer does not cover these risks, the employee should do so at an additional premium because of the additional exposure). This type of policy therefore excludes vehicles which fall into these categories.”
See also Daigle v. Chastant, 271 So.2d 290 (La.App. 3rd Cir.1972).
In Wirick v. Wyble, 300 So.2d 571 (La. App. 3rd Cir.1974), the court did determine that the plaintiff was covered by a State Farm policy with the same provisions as the one before us. In that case the plaintiff was driving a pick-up truck owned by the pharmacy where she was employed. The court determined that the vehicle was a “non-owned automobile” in relation to the plaintiff because it was furnished for the regular use of the pharmacy’s delivery boy. The plaintiff used it only when the delivery boy was absent and she was required to make deliveries in his place. The court also held that a pick-up truck was a “private passenger automobile” under the definition in the policy. The exception to (h)(2) applied because both requirements were met: she was driving a non-owned automobile while engaged in her occupation, and the automobile was a private passenger automobile.
The primary issue in two cases relied upon by the appellant in support of the private passenger automobile exception is simply whether the particular vehicle fit the policy definition. In LeJeune v. Allstate Ins. Co., 356 So.2d 537 (La.App. 3rd Cir.1978), amended and remanded, 365 So.2d 471 (La.1978),[3] the court held that a hearse did not, while in Employers Mut. Inability Ins. Co. of Wis. v. Richards, 332 So.2d 588 (La.App. 4th Cir.1976), the court held that a pickup truck did fit the definition of private passenger automobile and the exception applied.
Summary judgment may be rendered only when there is no genuine issue of fact and the mover is entitled to judgment as a matter of law. La.C.C.P. arts. 966 and 967. In the ease before us the appellant could prevail only if the court were to hold that the Macke vehicle driven by Miller was not *433 furnished for his regular use and was a “non-owned automobile” under his personal liability policy. The appellant has at no time questioned the regularity of Miller’s use of the car and has filed no countervailing documents to rebut the facts attested to in Miller’s affidavit. Accordingly, we find that the court correctly rendered summary judgment.
For the reasons stated above, the judgment appealed from is affirmed.
AFFIRMED.

. The State Farm policy, under Part I — Liability, reads as follows in pertinent part:
“Definitions. Under Part I:
‘owned automobile’ means
(a) a private passenger, farm or utility automobile described in this policy for which a specific premium charge indicates that coverage is afforded,
(b) ...
(c) ...
(d) ...
‘temporary substitute automobile’ means any automobile or trailer, not owned by the named insured, while temporarily used with the permission of the owner as a substitute for the owned automobile or trailer when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction;
‘non-owned automobile’ means an automobile or trailer not owned by or furnished for the regular use of either the named insured or any relative, other than a temporary substitute automobile; ...”

. The exclusionary clause reads as follows:
“Exclusions. This policy does not apply under Part I:
******
(h) to a non-owned automobile while maintained or used by any person while such person is employed or otherwise engaged in
(1) the automobile business of the insured or of any other person or organization;
(2) any other business or occupation of the insured, but this exclusion (h)(2) does not apply to a private passenger automobile operated or occupied by the named insured_” [Emphasis supplied.]

. Dismissal of the insurer affirmed.