SHORES, Justice.
The facts out of which this case arose are set out in Billups v. Alabama Farm Bureau Mutual Casualty Insurance Co., 352 So.2d 1097, 1101 (Ala.1977). There we held:
“Restricting uninsured motorist coverage to occupants of an automobile only if the automobile is used with the express permission of the named insured is repugnant to the statutory requirements and the decisions of this court. Reading the statutory requirement into the policy, American Southern Insurance Co. v. Dime Taxi Service, Inc., 275 Ala. 51, 151 So.2d 783 (1963), the policy must afford uninsured motorist coverage to the occu-. pants of the automobile if it was used with the express or implied permission of the named insured. Tit. 36, § 74(62); State Farm Automobile Ins. Co. v. Reaves, supra [292 Ala. 218, 292 So.2d 95 (1974)].
Because the trial court had not made a factual determination as to whether Jessie Silver, Jr. used the automobile with the implied permission of Lucille Conner or her husband, the case was remanded for that factual determination.
On remand, the trial court found, after a hearing, that:
“That on February 8, 1975, Jessie Silver, Jr., deceased, was driving a 1970 model Plymouth automobile, Motor Number 23NOG 192 H20, owned by Lucille Conner, and was involved in an accident in Jefferson County, Alabama, with an automobile being driven by one Henry Lee Moore, an uninsured motorist, and that said Jessie Silver, Jr. was driving said Plymouth automobile with the implied permission of Lucille Conner or her husband.”
State Farm appealed and argues that the trial court’s order should be reversed. We disagree and affirm.
In Pettis v. State Farm Mutual Automobile Ins. Co., 286 Ala. 344, 347, 239 So.2d 772, 775 (1970), we held:
“. . .in order to support an inference that one had implied permission to use the automobile of another for his own pleasure and purposes, there must be a course of conduct engaged in by the parties over a period of time prior to the use in question, or, if in the first instance, there must be particular circumstances, to justify an inference of implied permission. Alabama Farm Bureau Mutual Casualty Ins. Co. v. Robinson, 269 Ala. 346, 113 So.2d 140 [1959].”
In the instant case, the evidence shows that the automobile was supplied to young Conner by his parents for his use while attending college away from home. At the time of the accident, Conner and Silver were returning to the campus from Bessemer where they had gone to visit Conner’s girl friend. Conner asked Silver to drive because he was unfamiliar with the road and had, in fact, gotten lost on a previous trip to Bessemer.
*1111 While there was no evidence that the senior Conners had expressly granted permission for Silver to drive the automobile, there was evidence which would support a reasonable inference that he had their implied permission to do so on the occasion of the accident. They did not limit the use of the automobile by their son in anyway except to caution him to drive carefully. The father testified that the question of someone else driving the automobile never came up. Surely the trial court was justified in concluding that implied permission of the parents of Conner for his friend to drive the car could be inferred where there was evidence that he requested him to do so because he was unfamiliar with the road and did not like to drive on it at night.
Because there is evidence to support the conclusion reached by the trial court, its judgment is affirmed.
AFFIRMED.
TORBERT, C. J., and BLOODWORTH, MADDOX and JONES, JJ., concur.