This dispute arose out of an insurance policy which the plaintiff contends the defendant breached. The trial court found for the defendant, and the plaintiff appeals. We affirm the judgment of the trial court, which is as follows:
"FINAL JUDGMENT
 "This cause coming on for trial on an Agreed Statement of Facts signed by the parties, and a jury trial having been waived, the Court finds as facts:
"FINDING OF FACTS
 "1. The Plaintiff is the personal representative of Andrew Jackson, Deceased.
 "2. The Defendant is a corporate insurer qualified to, and doing business in the State of Alabama.
 "3. Andrew Jackson was employed by Alabama Dry Dock Shipbuilding Company until retirement in August, 1977.
 "4. Defendant had issued its Group Policy, furnishing hospital and medical expense coverage to its employees, at the time Andrew Jackson was first employed by said Alabama Dry Dock Shipbuilding Company. The coverage by said policy continued in full force and effect after the retirement from active service by Andrew Jackson. After the retirement, Andrew Jackson also became subject to the benefits afforded by Medicare.
 "5. Andrew Jackson became ill during the early part of the year 1983, and was hospitalized and treated by several physicians up to the time of his death on May 10, 1983. The aggregate amount of claims filed for hospitalization and physicians' services was $183,580.51. The aggregate amount of those claims paid by Medicare was $170,093.79. The aggregate amount of the claims covered by Defendants' Group Policy was $113,614.93.
"CONCLUSIONS OF LAW
"1. This Court has jurisdiction of this case.
 "2. The Group Policy sued on contains a Rider limiting benefits provided by the Policy so that benefits paid by Medicare are not duplicated in the Policy, and are not payable thereunder.
 "3. Such provisions were contained in the insurance policy in the case of Bybee v. John Hancock Mut. Life Ins., 507 S.W.2d 330 (Tex.Civ.App. 1974). That Court held that those provisions were not ambiguous and should be and were applied, and since the Medicare payments exceeded the claims covered by the policy, *Page 1073 
there was no further liability on the insurer to the insured.
 "4. The aggregate amount of claims payable under the policy was $113,614.93. Medicare paid claims by and for Andrew Jackson aggregating $170,093.79.
 "5. There is no liability in this suit by Defendant to Plaintiff.
"JUDGMENT
 "It is, therefore, ORDERED, ADJUDGED and DECREED that Plaintiff have and recover nothing from Defendant herein, and judgment therefore, is rendered in favor of Defendant, with costs, for which let execution issue."
The dispositive issue in this case is whether the rider referred to in the trial court's order relieves the defendant from liability under the policy. In pertinent part, it reads as follows:
 "1. The aggregate benefits payable under the Group Policy for services, treatments and supplies . . . will be the excess, if any, of
 "(a) such aggregate benefits . . . with respect to those treatments, services and supplies which are within the scope of the Group Policy, over
 "(b) the aggregate benefits . . . considered to be paid under Medicare with respect to the same services, treatments and supplies."
The plaintiff contends that the rider should be construed so that the defendants' liability on each medical bill is determined by taking each of the bills, calculating the liability of the company on that bill, and subtracting the amount paid by Medicare. Under this construction, she argues that the defendant is liable under the policy for the balance of those bills not paid by Medicare. We disagree.
Any ambiguity contained in an insurance policy must be resolved in favor of the insured. However, if a policy in its terms is plain and free from ambiguity, there is no room for construction and it is the duty of the court to enforce it as written. Likewise, the court cannot refine away the terms of a policy that are expressed with sufficient clarity to convey the intent and meaning of the parties. Kinnon v. UniversalUnderwriters Ins. Co., 418 So.2d 887 (Ala. 1982).
The purpose of the rider in the present case is to prevent retired employees subject to Medicare benefits from receiving more benefits than those available for actively-working employees of Alabama Dry Dock. The language contained therein is not ambiguous. The key word is "aggregate," which according to Webster's New International Dictionary (2d ed. 1956) means the sum or total. The rider clearly means that the amount payable under the group policy is the surplus, if any, where the (a) figure (i.e., the sum or total of the benefits payable under the group policy) is greater than the (b) figure (i.e., the sum or total of the benefits paid under Medicare). SeeBybee v. John Hancock Mut. Life Ins. Co., supra. Because the total benefits paid under Medicare exceed the total benefits payable under the group policy, there is no surplus and, consequently, no liability on the part of the defendant.
Other errors argued by the plaintiff are without merit. The judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.