Effective January 1, 1985, underinsured motorist coverage in insurance policies may be stacked, within certain statutory limits. See, § 32-7-23, Code of Alabama 1975, as amended. This case involves an automobile accident that occurred on September 5, *Page 950 
1981, before the effective date of this amendment. At the time of the accident, Albert Lipscomb had an automobile insurance policy written by Safeco Insurance Company that covered Mr. Lipscomb's four automobiles. The Safeco policy included "underinsured motorist coverage." The limit of coverage for each automobile was $50,000. On September 5, 1981, Clinton A. Reed, a 16-year-old driver, was operating an automobile that collided with an automobile driven by Mr. Lipscomb. Reed was traveling at a high rate of speed and was being pursued by deputy sheriffs at the time he collided with Mr. Lipscomb's automobile. Mr. Lipscomb received serious facial injuries and bruises and received strains in various parts of the body. Reed was covered by liability insurance with policy limits of $10,000. Safeco's position was that the limit of its responsibility was $41,000, viz.: $50,000 minus the $10,000 paid by Reed's carrier, plus $1,000 medical payment coverage. Safeco released its subrogation rights against Reed and paid $41,000 to Lipscomb. At that time there was an agreement that by accepting the total payment of $51,000, the Lipscombs (Mrs. Lipscomb claimed loss of consortium) would not prejudice in any way their right to pursue an additional $150,000 from Safeco, the balance of the $200,000 which was the total amount of underinsured motorist coverage if such coverage could be stacked. The Lipscombs brought this action against Reed[1] and Safeco. The trial court denied Safeco's motion for summary judgment, and ruled in effect, that under the terms of the underinsured provisions of the policy underinsurance coverage could be stacked. (Safeco's cross-appeal argues that this was error.)
The trial court refused to submit the matter of punitive damages to the jury, and instructed the jury that "the only issue that is being submitted to you [is] the damages that the plaintiff suffered as result of the accident." The jury returned a verdict in Lipscomb's favor for $25,000. Since the award was less than the amount already paid, the effect of the verdict was to award no additional monies. The trial court entered a judgment in accordance with that verdict. Safeco has waived any right to a refund of the $26,000 paid by it that was in excess of the jury's verdict. After the denial of post-trial motions, the Lipscombs appealed.
It is not necessary at this point to set out the issues upon which the Lipscombs base their appeal. The stacking issue must be addressed first, because if stacking is excluded under the policy, the full limits of the coverage have been paid; therefore, because the Lipscombs would have obtained all that they legally could obtain from Safeco and Reed, any of the Lipscombs' alleged errors would be errors without injury. Abbott v. Allstate Ins. Co.,507 So.2d 905 (Ala. 1987); Keith v. Bush, 512 So.2d 1354
(Ala. 1987).
The Lipscombs concede this in their excellent brief: "Although the trial court ruled favorably to the plaintiff on the issue of stacking, the plaintiff here concedes that if the court erred in ruling under the provisions of the policy made the subject of this suit, all other matters urged by the plaintiff on appeal would be harmless. . . ."
At the time of the accident, stacking of the underinsured policies was not statutorily mandated and was governed by the language of the policy itself. Smith v. Auto-Owners Ins.Co., 500 So.2d 1042 (Ala. 1986).
In Smith, at 1046, this Court wrote as follows:
 "The well accepted general rule in Alabama is that where the terms of the insurance contract are not ambiguous, there is no room for construction, and this Court will enforce the contract as written. Jackson v. Prudential Ins. Co., 474 So.2d 1071 (Ala. 1985). Absent public policy considerations that dictate a contrary result, we will not ignore the express provisions of the policy, including exclusionary clauses or terms limiting the company's liability, in order to create a new contract for the parties. Upton v. Mississippi Valley Title Insurance Co., 469 So.2d 548 (Ala. 1985). Turner v. United States Fidelity *Page 951 Guaranty Co., 440 So.2d 1026 (Ala. 1983). Where there is an ambiguity in the contract, or where the contract is inconsistent with a state statute or law, it must be construed in favor of the insured. Jackson v. Prudential Ins. Co. of America, 474 So.2d 1071 (Ala. 1985); Turner v. United States Fidelity Guaranty, supra; Childress v. Foremost Ins. Co., 411 So.2d 124 (Ala. 1982)."
In applying these principles to the case at bar, we find that the policy is not ambiguous. It clearly limits Safeco's liability to any one person in a single accident to the amount expressed in the "uninsured and underinsured motorist" declaration of coverage, less the sum of the limits of liability under Reed's insurance coverage. The "uninsured and underinsured motorist" declaration of coverage was limited to $50,000 for each person.
The first subdivision, designated "(2)" under the uninsured motorist coverage in the policy, in pertinent part provides:
"LIMITS OF LIABILITY:
 "(a) Regardless of the number of automobiles to which this policy applies the limit of bodily injury liability stated in the declarations as applicable to 'each person' is the limit of SAFECO's liability for all damages, including damages for care or loss of services, because of bodily injury sustained by one person as a result of one accident. . . ."
A "SUPPLEMENTARY UNINSURED MOTORIST INSURANCE" provision was attached to the policy. It amended the above quoted section to include "underinsured motor vehicle":
 "It is agreed that, with respect to such insurance as is afforded by the policy for damages because of bodily injury caused by accident and arising out of the ownership, maintenance or use of an uninsured motor vehicle, the first subdivision, designated (a) of the definition of 'uninsured motor vehicle' is amended to include 'underinsured motor vehicle,' subject to the following provisions: . . ."
Safeco's underinsured motorist coverage and uninsured motorist coverage, regardless of the number of automobiles to which the policy at issue applied, would be limited to the bodily injury liability stated in the declarations as applicable to each person ($50,000), subject to the following provisions:
"1. Limits of Liability:
"(a) Uninsured motor vehicles.
 The total limit of the company's liability for all damages because of bodily injury as the result of any one accident arising out of the ownership, maintenance or use of uninsured motor vehicles shall be the limits of liability stated in the policy declarations for uninsured motorists coverage.
"(b) Underinsured motor vehicles.
 The total limit of the company's liability for all damages because of bodily injury as the result of any one accident arising out of the ownership, maintenance or use of underinsured motor vehicles shall be the limits of liability stated in the policy declarations for underinsured motorists coverage, less the sum of the limits of liability under all bodily injury bonds and insurance policies (other than this policy) applicable at the time of the accident." (emphasis supplied)
These "subject to" provisions clearly are inserted to show that there is a distinction between underinsured coverage and the uninsured coverage. This difference in the wording, which we have emphasized, is the inclusion of the last clause of Section 1(b), "less the sum of the limits of liability under all bodily injury bonds and insurance policies (other than this policy) applicable at the time of the accident." This clause is not found in Section 1(a).
Prior to January 1, 1985, insurers could prohibit the stacking of underinsurance motorist coverage by using "clear and unambiguous" policy language. Smith v. Auto-OwnersIns. Co., 500 So.2d 1042 (Ala. 1986); UnitedServices Automobile Ass'n v. Smith, 57 Ala. App. 506,329 So.2d 562 (1976). Ambiguities will not be inserted by this Court, by strained and twisted reasoning, into insurance contracts where no such ambiguities exist. Billups v.Alabama Farm Bureau Mutual Casualty Insurance Co.,352 So.2d 1097 (Ala. 1977), appeal *Page 952 
after remand, 366 So.2d 1109 (Ala. 1979). The policy is intended to be read as a whole. Therefore, isolated sentences are not to be construed alone, but in connection with the other provisions of the policy. Smith v. Kennesaw Life Accident Insurance Co., 284 Ala. 12, 221 So.2d 372
(1969). When the policy in the case at issue is so read, one must conclude that Safeco prohibited the stacking of underinsured motorist coverage by "clear and unambiguous" policy language.
The Safeco policy clearly limits Safeco's liability to any one person (or, if there is a loss of consortium claim, to the person and that person's spouse) in a single accident to the amount expressed in the underinsured declaration less the amount paid to the insured by the insurance of the tort-feasor or tort-feasors.[2]
There is no pool from which the Lipscombs can recover more than they have already accepted. Therefore, we do not reach the other important issues raised by the Lipscombs in their briefs, viz.:
 "Are punitive damages recoverable under a policy of insurance providing for 'uninsured motorist coverage,' viz.: Coverage which provides that the insurance carrier will (subject to the policy limits less the limits of liability covering the underinsured) pay all sums which the insured shall be legally entitled to recover as damages from the owner or operator of an underinsured motor vehicle because of bodily injury resulting therefrom?
 "Where medical expense is offered into evidence in a personal injury case without objection and no evidence is offered tending to prove that the expenses are not reasonable, is it error for the trial judge to instruct the jurors that the reasonableness of and the necessity for such expenses are matters for the jury's determination?
 "Is the award for damages under the facts of this case so inadequate as to require reversal?
 "In a suit on an insurance policy providing for 'underinsured motorist' coverage may the trial court so limit the scope of the trial as to prohibit the presentation of evidence by the plaintiff that would inform the jury as to the type of coverage afforded under the policy of insurance made the basis of the suit?
 "In a suit against an insurance company for recovery under the policy, can the trial judge prohibit the plaintiff from introducing the policy and offering the policy to the jury for its inspection?"
The trial court's ruling that the underinsured motorist coverage could be stacked was erroneous. Nevertheless — because 1) under the policy language the plaintiffs were entitled to no additional money, and 2) because the effect of the judgment, based as it was, on the jury's verdict, was to award no additional money, and 3) because Safeco has waived any right to a refund of the amount paid in excess of the jury's verdict — the judgment is due to be affirmed.
AFFIRMED.
MADDOX, ALMON, SHORES, BEATTY, ADAMS and STEAGALL, JJ., concur.
TORBERT, C.J., and JONES, J., not sitting.
[1] The Lipscombs entered into a settlement with Reed and he was dismissed from the case.
[2] In Smith v. Auto-Owners Ins. Co., supra, a majority of this Court applied the "reasonable expectation" doctrine when the underinsured motorist coverage equaled the minimum liability insurance attainable, pursuant to the public policy expressed in the Alabama Motor Safety-Responsibility Act (§§ 32-7-1 et seq., Code 1975). This doctrine is not relevant in the case at issue. *Page 953