SHORES, Justice.
Judy Rehburg and Rehburg and Wallner, Inc. (“Insureds”), appeal from a summary judgment in favor of Constitution States Insurance Company (“Constitution States”) declaring that Constitution States owed no duty to defend or indemnify the insureds in an underlying case (styled Phillips et al. v. Rehburg et al.).
The facts in this case are undisputed.
On March 6, 1986, 13-month-old Derrick Phillips, who was in the care and custody of the Insureds at their day care facility, was found unconscious in the day care’s swimming pool. There was no fence around the pool, nor was there a lifeguard on duty at the pool.
Billy A. Phillips, Bonnie Phillips (Derrick’s parents), and Derrick Phillips, filed suit[1] against the Insureds, alleging in their complaint:
“On or about March 6, 1986, Defendants and each of them, in disregard of their duties as above-described, were negligent in the following respects:
“In not hiring proper and fit personnel; “In not hiring sufficient personnel to maintain proper and adequate supervision of the children in their charge;
*80 “In not taking proper precautions for the safety of the children in their charge;
“In not exercising due care under the circumstances for the safety of the children in their charge;
“In failing and neglecting to give the Plaintiff Derrick Phillips sufficient and proper care and attention;
“In failing and neglecting to furnish an adequate number of properly trained and efficient employees, attendants, and help, necessary to render and maintain the conditions in the playground area safe from the effects of the existing hazard of the swimming pool;
“In failing and neglecting to exercise proper supervision and control over subordinates in allowing them to grossly neglect their duties to the Plaintiff Derrick Phillips;
“In negligently permitting the Plaintiff Derrick Phillips to be exposed to the dangers posed by the said swimming pool.”
Constitution States, which had issued a liability insurance policy to the Insureds, filed a declaratory judgment action requesting the trial court to declare that it did not owe a duty to defend or to indemnify the insureds in the Phillips suit. Constitution States subsequently filed a motion for summary judgment, relying upon, among other things, an “unattended water hazard warranty” provision contained in an endorsement to the insurance policy. The trial court entered summary judgment in favor of Constitution States. The Insureds appeal. We affirm.
The insurance policy issued by Constitution States provided in pertinent part:
“The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury (herein called ‘personal injury’) sustained by any person or organization....”
It also contained two endorsements entitled “lifeguard warranty” and “unattended water hazard warranty.” The lifeguard warranty provided:
“It is warranted by the insured, a condition precedent to liability coverage, that a Red Cross or similarly qualified lifeguard be on duty at all times during swimming activities.”
The water hazard warranty provided:
“It is warranted by the insured, a condition precedent to liability coverage that the following requirements are met when no lifeguard is present:
“Depth markings be posted.
“ ‘Swim at own risk’ signs be posted and clearly visible.
“POOL IS FENCED AND LOCKED WHEN NOT IN USE.”
We find no ambiguity in the language of the water hazard endorsement. It clearly states that, as a condition to liability coverage, the pool must be fenced and locked when not in use.
There was undisputed testimony that the pool was not in use when the accident occurred. By failing to erect a fence around the pool and locking it while the pool was not in use, the Insureds were clearly in violation of the endorsement, thus precluding Constitution States’ liability under the insurance policy.
Ambiguities will not be inserted into insurance contracts by strained and twisted reasoning where no such ambiguities exist. Lipscomb v. Reed, 514 So.2d 949 (Ala.1987).
The Insureds contend that the language of the endorsement suggests that it is a promise made by them, and not a condition precedent to liability coverage. We hold that the endorsement is a condition precedent to liability coverage, as well as a promissory warranty made by the Insureds. See, Phoenix Insurance Co. v. Ross Jewelers, Inc., 362 F.2d 985 (5th Cir.1966).
The Insureds next contend that the complaint in the Phillips suit alleges negligent supervision as the proximate cause of the child’s injuries and not negligence arising out of the failure of the Insureds properly to secure the pool.
*81 We have, in a case released this date, addressed a very similar argument regarding a motor vehicle exclusion in a homeowner’s insurance policy; see Alfa Mutual Insurance Co. v. Jones, 555 So.2d 77 (Ala.1989), where we held that the exclusionary clause was effective and the insurer was not obligated to defend a claim alleging negligent supervision where a minor child was killed while operating a go-cart, with regard to which coverage was excluded.
We hold, therefore, that the endorsement is effective and that Constitution States has no duty to defend or indemnify the Insureds in the Phillips suit.
The uncontroverted facts offered in support of, and those offered in opposition to, the motion for summary judgment present a question of law appropriate for resolution by summary judgment. See Rule 56(c), A.R.Civ.P.
The trial court correctly decided this question of law, and, accordingly, the judgment appealed from is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and JONES, HOUSTON and KENNEDY, JJ., concur.

. This is the second case considered by this Court arising out of this accident. See, Phillips v. Thomas, 555 So.2d 81 (Ala.1989) (On rehearing).