**Donald Gerard WILSON, Plaintiff,**

v.

**CNL INSURANCE AMERICA, INC., Defendant.**

**No. CIV. A. 97–A–1390–N.**

United States District Court, M.D. Alabama, Northern Division.

Aug. 25, 1998.

James Harvey Tipler, Andalusia, AL, for Plaintiff.

David P. Condon, Birmingham, AL, for Defendant.

### *MEMORANDUM OPINION*

ALBRITTON, Chief Judge.

Before the court is Defendant's Motion For Summary Judgment and supporting brief filed June 18, 1998. Plaintiff filed his response and the deposition of John Dattilo

on July 31, 1998. After a careful review of these submissions, relevant precedent and the record as a whole, the court concludes that Defendant's motion should be granted.

## BACKGROUND

On February 21, 1995, Plaintiff purchased automobile insurance with Defendant through Marsh Insurance Agency ("Mr. Marsh"), an independent insurance agent. While at Marsh's office Plaintiff signed a CNL insurance application which listed the policy expiration date of "8/21/95" and time of "12:01 A.M.. Standard Time." (File Doc. # 34, Ex. 2) Through the mail, Plaintiff received a Policy Declarations page from Defendant which specified "FROM: FEBRUARY 21, 1995 TO: 12:01 A.M. AUGUST 21, 1995." (File Doc. # 34, Ex. 4)

On August 21, 1995, Plaintiff had an accident at approximately 9:00 a.m. while driving a rental car. Plaintiff was then taken to the hospital and released after a short time. Someone at the hospital notified Mr. Marsh that the Plaintiff had been in an accident. After the Plaintiff was released from the hospital, he went to Mr. Marsh's office at approximately 12:00 noon. The Plaintiff claims, and the court accepts for purposes of this Motion, that he tendered a premium check to Mr. Marsh at that time for payment on the CNL policy and that the check was refused. Although Mr. Marsh does not specifically remember the tender, he says it would be consistent with normal practice to refuse a late renewal payment when there had been a covered loss after the policy had expired. (Doc. # 34, Ex. 7, pp. 35–36)

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323, 106 S.Ct. 2548. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322–324, 106 S.Ct. 2548.

If the movant succeeds in demonstrating the absence of a material issue of fact, the burden shifts to the nonmovant to establish with evidence beyond the pleadings that a genuine issue material to the nonmovant's case exists. *See Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir.1991). To avoid summary judgment, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). On the other hand, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in the nonmovant's favor. *Anderson v. Liberty Lobby,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

## DISCUSSION

Plaintiff makes claims for breach of contract and bad faith refusal to pay a claim. All three of Plaintiff's claims depend upon the existence of a contract with the Defendant. Plaintiff does not dispute that he did not tender his premium payment until after 12:01 a.m., August 21, 1995. More specifically, he claims that he offered payment some twelve hours later, at around noon of August 21, 1995. Plaintiff also does not dispute that the policy application form and the policy declarations page plainly designate that the policy expires at 12:01 a.m. on August 21, 1995. Plaintiff's whole case revolves around a renewal notice which he received well in advance of his attempted payment.

The notice is postmarked July 10, 1995, and is of the standard computer generated variety which are common to the industry. (File Doc. # 34, Ex. 5) The key language on which Plaintiff so heavily relies states: "IF THE PREMIUM IS NOT PAID BY THE DUE DATE SHOWN YOUR POLICY

WILL TERMINATE ON THE EFFEC-
TIVE DATE SHOWN." The due date and
the effective dates shown are both "8/21/95."
Plaintiff's legal position is that this language
is ambiguous and should therefore be con-
strued against the Defendant drafter. *Ala-
bama Farm Bureau Mut. Ins. Co. v. Pigott*,
393 So.2d 1379 (Ala.1981).

 Whether a contract is ambiguous is
a legal question for the court to answer.
*Hutchinson v. Attorneys Insurance Mutual
of Alabama, Inc.*, 631 So.2d 975 (Ala.1994).
In answering the question, this court should
not read the notice in isolation, but rather in
the context of the other terms of the agree-
ment. *Hall v. American Indemnity Group*,
648 So.2d 556, 559 (Ala.1994).

 Assuming arguendo that the renewal
notice has some bearing upon the terms of
the insurance agreement existing between
the parties, this court nevertheless fails to
see the ambiguity which the Plaintiff alleges.
The renewal notice is in perfect symmetry
with the application and declarations page.
Clearly the policy had to terminate at some
point in time. Plaintiff rejects "8/21/95" at
"12:01 A.M." as the policy's time of termi-
nation, but he offers the court no alternative
date and/or time. The notice admonishes the
Plaintiff to renew the policy "BY" August 21,
1995. It further admonishes Plaintiff that if
he does not, the policy will terminate "ON"
August 21, 1995. Plaintiff did not attempt to
renew "BY" August 21, 1995, even though he
was given ample notice from the application,
declarations page and renewal notice.

Plaintiff argues that the renewal notice
allowed him to renew by paying his premium
on the due date. That, clearly, is not what
the notice said. It did not provide for termi-
nation on the effective date shown if the
premium were not paid "on or before" the
due date, or "no later than" the due date, but
"*by*" the due date. There is simply no ambi-
guity in this clear language. It is consistent
with the Plaintiff's application and the policy
declarations page, while the interpretation
Plaintiff urges would be inconsistent.

Plaintiff did not meet the requirements of
the renewal notice on which he depends.
The notice was postmarked a full forty-two
(42) days prior to August 21, 1995. The
events and consequences warned of in the
renewal notice came to pass exactly as indi-
cated. Because a renewal premium was not
paid "BY" August 21, 1995, the policy "TER-
MINATE[D] ON" August 21, 1995. As per
the policy application and declarations page,
the policy terminated at "12:01 A.M." Since
the renewal notice is consistent with the orig-
inal agreement, it cannot be understood to
change the original agreement.

 "The well accepted general rule in
Alabama is that where the terms of the
insurance contract are not ambiguous, there
is no room for construction, and this Court
will enforce the contract as written." *Jack-
son v. Prudential Ins. Co.*, 474 So.2d 1071
(Ala.1985). Absent public policy consider-
ations that dictate a contrary result, the
court cannot ignore the express provisions of
the policy, including exclusionary clauses or
terms limiting the company's liability, in or-
der to create a new contract for the parties.
*Upton v. Mississippi Valley Title Insurance
Co.*, 469 So.2d 548 (Ala.1985). *Turner v.
United States Fidelity & Guaranty Co.*, 440
So.2d 1026 (Ala.1983). *Lipscomb v. Reed*,
514 So.2d 949, 950 (Ala.1987). This court
finds that neither the insurance contract nor
the renewal notice was ambiguous.

 Since the policy had expired, Defen-
dant was under no obligation to accept Plain-
tiff's renewal check at noon on August 21,
1995. This is true *a fortiori* given that there
had been an accident after the policy's lapse.
Even if the Defendant had accepted the re-
newal payment, it would not have been re-
quired to pay for an accident which had
occurred during the policy's lapse. *Central
National Insurance Group of Omaha v.
Grimmett*, 340 So.2d 767 (Ala.1976).

### CONCLUSION

There are no questions of material fact
which need to be decided. Each of Plaintiff's
claims depends on the existence of a con-
tract. As a matter of law, there was no
contract between Plaintiff and the Defendant
at the time of the accident. Therefore, De-
fendant's Motion For Summary Judgment
should be granted.