This appeal and cross-appeal arise from a declaratory judgment holding that State Farm Mutual Automobile Insurance Company is obligated to pay under a policy it issued to Howard C. Lewis III, but which *Page 864 
denied Lewis's claim that the liability coverage under another policy issued to him "stacked." The policies in question were issued on Lewis's personal vehicles. State Farm contends that the policies do not extend coverage to damage incurred while Lewis was driving a pickup truck, while acting within the line and scope of his employment with Keith and Howard Grissom, d/b/a Grissom Dairy. James R. Baker, the driver of the other damaged vehicle, cross-appeals. He asks us to reverse the trial court's determination that the coverage under Lewis's two policies could not be combined, or "stacked."
The facts in these cases, as they relate to the dispute at hand, were stipulated to by the parties. The stipulation reads:
 "The parties agree that prior to the date of the accident forming the basis of this lawsuit the defendant Howard C. Lewis, III, had been regularly employed at Federal Mogul in Hamilton, Alabama but had received a temporary lay-off from his job with this employer. After being laid off from Federal Mogul, Howard C. Lewis, III, went to work for Howard Grissom and Keith Grissom d/b/a Grissom Dairy. It was Lewis' intention to return to his regular employment at Federal Mogul when work became available. Lewis had been working for the Grissoms for a week and a half or two weeks prior to the accident with James Rhodel Baker and after the accident he continued working for the Grissoms for another week and a half or two weeks until his job with Federal Mogul became available again. During this period of time that he was employed with the Grissoms, Lewis was paid wages and these wages constituted his only source of income during the period of his being laid off from Federal Mogul. At the time of the accident with James Rhodel Baker, Lewis was driving a 1984 Ford model 250 pick-up towing a goose-neck utility trailer, both owned by Keith Grissom and Howard Grissom. It is agreed that at the time of the accident Lewis was acting as the employee of Keith Grissom and Howard Grissom and was acting within the line and scope of his employment with the Grissoms in the operation of said truck and trailer."
The parties also stipulated to the pertinent portions of the policies in question, which read:
 "CAR — means a land motor vehicle with four or more wheels, which is designed for use mainly on public roads. It does not include:
 "1. any vehicle while located for use as a dwelling or other premises; or
 "2. a truck-tractor designed to pull a trailer or semitrailer.
"* * *
 "PRIVATE PASSENGER CAR — means a car:
"1. with four wheels;
 "2. of the private passenger or station wagon type; and
 "3. designed solely to carry persons
and their luggage.
"* * *
 "THERE IS NO COVERAGE FOR NON-OWNED CARS:
 "1. IF THE DECLARATIONS STATE THE 'USE' OF YOUR CAR IS OTHER THAN 'PLEASURE AND BUSINESS'; OR
"2. WHILE:
 "a. BEING REPAIRED, SERVICED OR USED BY ANY PERSON WHILE THAT PERSON IS WORKING IN ANY CAR BUSINESS; OR
 "b. USED IN ANY OTHER BUSINESS OR OCCUPATION. This does not apply to a private passenger car driven or occupied by the first person named in the declarations, his or her spouse or their relatives.
"* * *
"If there is other coverage
"1. Policies Issued by Us to You.
 If two or more vehicle policies issued by us to you apply to the same loss or occurrence, we will pay under the policy with the highest limit.
"2. Coverage Available From Other Sources.
 "Subject to item 1, if other coverage applies to the loss or expenses, we will pay only our share. Our share is the *Page 865 
per cent the limit of liability of this policy bears to the total of all coverage that applies.
 "3. Temporary Substitute Car, Non-Owned Car or Trailer.
 "If a temporary substitute car, a non-owned car or trailer designed for use with a private passenger car has other coverage on it, this coverage is excess. THIS COVERAGE SHALL NOT APPLY:
 "a. IF THE VEHICLE IS OWNED BY ANY PERSON OR ORGANIZATION IN A CAR BUSINESS, AND
 "b. IF YOU OR THE OWNER HAS OTHER COVERAGE THAT APPLIES IN WHOLE OR IN PART AS PRIMARY, EXCESS OR CONTINGENT COVERAGE."
State Farm argues in its brief that the policy is clear, as written. State Farm relies on what it says is the plain language of the exclusion of non-owned cars, "used in any other business or occupation." State Farm also relies upon judicial construction of similar phrases in King v.Woodward, 464 F.2d 625 (10th Cir. 1972), HomeIndemnity Co. v. Northwestern Nat'l. Ins. Co.,280 F. Supp. 446 (D.Mont. 1968), and Seaford v. NationwideMutual Ins. Co., 253 N.C. 719, 117 S.E.2d 733 (1961).
In support of the trial court's ruling, Baker sets forth the general rules of insurance contract construction and cites the case of Pontico v. Roussel, 380 So.2d 649
(La.App. 1980), for the proposition that the extent of the "other business or occupation" exception is unclear. Baker thus argues that an ambiguity was created through the use of that language, and that the trial court correctly construed the language of the policy in favor of coverage.
The law of construction of insurance contracts in Alabama is well established. Exceptions to coverage are to be interpreted as narrowly as possible in order to provide maximum coverage for the insured, Georgia Cas. Sur. Co.v. Universal Underwriters Ins. Co., 534 F.2d 1108 (5th Cir. 1976), and such clauses must be construed most strongly against the company that issued the policy, AmericanLiberty Ins. Co. v. Soules, 288 Ala. 163, 258 So.2d 872
(1972). However, insurance contracts, like other contracts, are construed to give effect to the intention of the parties thereto, and when the intention is clear and unambiguous, the policy must be enforced as written. Ketona Chemical Corp.v. Globe Indem. Co., 404 F.2d 181 (5th Cir. 1968);Newman v. St. Paul Fire Marine Ins. Co.,456 So.2d 40 (Ala. 1984); Southern Guaranty Ins. Co. v. Wales,283 Ala. 493, 218 So.2d 822 (1969). Finally, in determining the intention of the parties, the court must examine more than an isolated sentence or term; it must read each phrase in the context of all other provisions, in order to arrive at the true intent of the parties. North River Ins. Co. v.Jackson, 278 Ala. 604, 179 So.2d 731 (1965); MobilePsychiatric Service, Inc. v. Employers Life Ins. Co.,362 So.2d 244 (Ala.Civ.App. 1978).
In applying the above-stated principles, we must conclude that the policies in question did not provide coverage for an accident involving the insured while he was driving "a non-owned car . . . while . . . used in any other business or occupation," unless the car was a "private passenger car." Baker argues that the policy is ambiguous, but when the "non-owned car" exclusion is read in its entirety, it cannot reasonably be said to be ambiguous. Part two of the exclusion omits coverage for non-owned cars while being serviced or being used by anyone in the car business, or while being used in any other business or occupation. We recognize that while the exclusion of non-owned cars used in a business or occupation "does not apply to a privatepassenger car driven or occupied by the firstperson named in the declarations, his or herspouse or their relatives" (emphasis in policy), we think it applies here. The "[f]irstperson named in the declarations" (Lewis) was driving the "non-owned car" (a pickup truck) "used in any other business or occupation" (Grissom Dairy). The critical question is whether the pickup truck he was driving was a"private passenger car." The policy defines a "private passenger car" as meaning *Page 866 
a "car," "with four wheels," "of the private passenger or station wagon type," "and designed solely to carrypersons and their luggage." Unquestionably, the pickup truck here was not "designed solely to carrypersons and their luggage"; therefore, it was not a "private passenger car."
Lewis, the insured, could not have reasonably expected that the two State Farm policies he bought would cover him while he was operating a company pickup truck in the line and scope of his employment.
Because we have concluded that the policies do not extend Lewis's coverage to the accident in question, the trial court's decision on the stacking issue is due to be affirmed.
In light of the foregoing, the judgment of the trial court is due to be, and it hereby is, affirmed on the cross-appeal, and reversed and remanded on the appeal.
Case 85-1213, REVERSED AND REMANDED.
Case 85-1214, AFFIRMED.
ALMON, BEATTY, ADAMS and HOUSTON, JJ., concur.