Stanley Wilhite appeals from the granting of summary judgment in favor of State *Page 23 
Farm Fire and Casualty Insurance Company (State Farm).
The facts show that Wilhite procured a homeowner's policy from State Farm and that during the term of the policy a Suzuki 50 CC four-wheel, off-road recreational vehicle was stolen from his home. State Farm denied coverage based on an exclusion in the policy. Wilhite filed suit in the District Court of Morgan County and received a judgment in his favor for $872.00. State Farm appealed to the Circuit Court of Morgan County and subsequently filed a motion for summary judgment, asserting that there was no material fact in issue and that the construction of the exclusionary language and its applicability to the facts was a matter of law to be determined by the trial court. The trial court granted State Farm's motion. Wilhite appeals.
The provisions of the policy pertinent to this appeal are as follows:
"DEFINITIONS
". . . .
"6. 'motor vehicle' means:
 "a. a motorized land vehicle designed for travel on public roads or subject to motor vehicle registration. A motorized land vehicle in dead storage on an insured location is not a motor vehicle;
". . . .
 "c. a motorized golf cart, snowmobile, or other motorized land vehicle owned by an insured and designed for recreational use off public roads, while off an insured location. A motorized golf cart while used for golfing purposes is not a motor vehicle;
 "d. a motorized bicycle, tricycle or similar type of equipment owned by an insured while off an insured location;
". . . .
"SECTION I — COVERAGES
". . . .
"COVERAGE B — PERSONAL PROPERTY
". . . .
"2. Property Not Covered: We do not cover:
". . . .
 "c. any engine or motor propelled vehicle or machine, including the parts, designed for movement on land. We do cover those used solely for the service of the insured location and not licensed for use on public highways;"
Wilhite argues that the policy is ambiguous and therefore the trial court erred in failing to construe the language of the policy in favor of coverage. Wilhite asserts that the Suzuki in question is not a "motor vehicle" as defined by 6(a)(c) and (d) and therefore the exclusionary language of 2(c) which precludes coverage for theft of "any engine or motor propelled vehicle or machine" is not applicable to the facts at hand. His argument is unpersuasive.
State Farm asserts that the language of the policy is clear and unambiguous. State Farm contends that the definition of "motor vehicle" is unnecessary and irrelevant in determining the meaning of "any engine or motor propelled vehicle" as used in the exclusionary clause. The provisions relating to a "motor vehicle" are not terms of coverage but merely definitional of the term wherever it appears in the policy.
Any ambiguities in an insurance policy are to be resolved in favor of the insured. Jackson v. Prudential Insurance Co. ofAmerica, 474 So.2d 1071 (Ala. 1985). In determining whether an ambiguity exists, the trial court must review the provisions of an insurance policy in light of the interpretation that ordinary people would place on the language used. EmployeesInsurance Co. v. Jeff Gin Co., 378 So.2d 693 (Ala. 1979). In the absence of an ambiguity "there is no room for construction, and it is the duty of the court to enforce it as written."Kinnon v. Universal Underwriters Insurance Co., 418 So.2d 887,888 (Ala. 1982).
In reviewing the policy we find the language to be plain and unambiguous. The exclusion clause could not be more straightforward and explicit. We further find that the definition of "motor vehicle" is not relevant or necessary in determining *Page 24 
the meaning of "any engine or motor propelled vehicle . . . designed for movement on land" as used in the exclusion clause. If we were to adopt Wilhite's rationale and apply the definition of "motor vehicle" to the explicit language of the exclusion, we would be creating an ambiguity by "strained and twisted reasoning" — something which we are precluded from doing. Commercial Union Insurance Co. v. Rose's Stores, Inc.,411 So.2d 122 (Ala. 1982). It is not our function to create new contracts for the parties or to create doubts where none previously existed. Commercial Union Insurance Co., supra.
Applying the fundamental rules of construction to the policy and facts of this case, we find that the trial court properly construed the policy in favor of State Farm. The grant of summary judgment is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of section12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.