The plaintiff, William Blake Wakefield, appeals from a summary judgment for the defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), in this action to collect uninsured/underinsured motorist protection benefits, and medical expenses and payment for damage to property under the newly-acquired-vehicles provision of an automobile insurance policy. We affirm.
The plaintiff's son, William Paul Wakefield, was killed when the heavy duty 3/4-ton utility truck that he was driving collided with another vehicle. The plaintiff had purchased the truck approximately one week before the accident for use in his logging business. At the time of the accident, the plaintiff had in effect a State Farm automobile insurance policy that listed only his 1988 Chevrolet Blazer as a covered vehicle. This policy did not list a 1979 Chevrolet pickup truck that was owned by the plaintiff at the time of his son's accident. The 3/4-ton utility truck that the plaintiff's son was driving at the time of the accident did not replace a vehicle insured under the State Farm automobile insurance policy. The policy did provide coverage for "newly acquired" vehicles. The policy reads, in pertinent part, as follows:
 "Car — means a land motor vehicle with four or more wheels, which is designed for use mainly on public roads. It does not include:
 "1. any vehicle while located for use as a dwelling or other premises; or
 "2. a truck-tractor designed to pull a trailer or semitrailer.
". . . .
 "Newly Acquired Car — means a car newly owned by you or your spouse if it:
"1. replaces your car; or
"2. is an added car and:
 "a. if it is a private passenger car, we insure all other private passenger cars, or
 "b. if it is other than a private passenger car, we insure all cars owned by you and your spouse on the date of its delivery to you or your spouse. . . .
". . . . *Page 1222 
"Private Passenger Car — means a car:
"1. with four wheels;
 "2. of the private passenger or station wagon type; and
 "3. designed solely to carry persons and their luggage.
". . . .
"Utility Vehicle — means a motor vehicle with:
"1. a pickup, panel or van body; and
 "2. a Gross Vehicle Weight of 10,000 pounds or less."
(Emphasis added in the policy.) Relying on State Farm MutualAutomobile Insurance Co. v. Lewis, 514 So.2d 863 (Ala. 1987), in which this Court, construing policy language identical to that of the plaintiff's policy, held as a matter of law that a pickup truck was not a "private passenger car," as that term was defined in the policy, State Farm denied that it was liable under the policy for any loss resulting from the accident. State Farm took the position that the truck in which Paul Wakefield was killed was not a "private passenger car" and, therefore, that it was not a "newly acquired car," as those terms are defined in the policy. The plaintiff sued numerous defendants, including State Farm. The complaint contained the following allegations pertinent to State Farm:
 "Plaintiff avers that at [the] time and place of the collision . . . he had in full force and effect a policy of liability and collision insurance with Defendant, State Farm, being Policy No. S82 5456-CO4-01, which included uninsured/underinsured motorist coverage, medical pay coverage and property damage coverage. Included therein was coverage when the tort-feasor was underinsured or uninsured. Said coverage was for two (2) vehicles owned by the plaintiff.
". . . .
 "WHEREFORE, plaintiff demands judgment against the defendant, State Farm, in an amount equal to the coverage afforded by the plaintiff's contract of insurance for uninsured/underinsured motorist protection and for medical pay coverage and property damage coverage with the Defendant, State Farm."
The trial court granted State Farm's motion for a summary judgment and made the judgment final pursuant to Rule 54(b), A.R.Civ.P.
Summary judgment was proper in this case if there was no genuine issue of material fact and State Farm was entitled to a judgment as a matter of law. Rule 56, A.R.Civ.P. The burden was on State Farm to make a prima facie showing that no genuine issue of material fact existed and that it was entitled to a judgment as a matter of law. If that showing was made, then the burden shifted to the plaintiff to present evidence creating a genuine issue of material fact, so as to avoid the entry of a judgment against him. In determining whether there was a genuine issue of material fact, this Court must view the evidence in a light most favorable to the plaintiff, the nonmoving party, and must resolve all reasonable doubts against State Farm. Because this action was not pending on June 11, 1987, the applicable standard of review is the "substantial evidence" rule. Ala. Code 1975, § 12-21-12. See Stafford v.Mississippi Valley Title Insurance Co., 569 So.2d 720 (Ala. 1990).
The sole issue presented by the parties for our review is whether the truck Paul Wakefield was driving at the time of the accident fell within the policy definition of a "newly acquired car." If it did, as the plaintiff contends, then the summary judgment was improper. If it did not, then State Farm was entitled to a judgment as a matter of law.
"Car" is defined in the policy as "a land motor vehicle with four or more wheels, which is designed for use mainly on public roads." "Car" does not include "any vehicle while located for use as a dwelling or other premises" or "a trucktractor designed to pull a trailer or semitrailer." The truck in which Paul Wakefield was killed was a "car," as that word is defined in the plaintiff's policy.[1] The policy *Page 1223 
does not state that a "car" has to be a "private passenger car" to qualify as a "newly acquired car"; therefore, State FarmMutual Automobile Insurance Co. v. Lewis, supra, does not control this case. The policy does state that a "car" qualifies as a "newly acquired car," provided that on the date of its delivery State Farm insured all of the "cars" owned by the insured or insureds. The record shows, however, that at the time of the accident, the plaintiff owned a 1979 Chevrolet pickup truck, which he used on his farm and in his logging business, that was not insured by State Farm. Consequently, the truck in which Paul Wakefield was killed did not fall within the policy definition of a "newly acquired car," and, thus, it was not covered under the plaintiff's policy. It is well established that a correct decision on the part of the trial court will not be disturbed even if the court gives the wrong reasons. Davison v. Lowery, 526 So.2d 2 (Ala. 1988), cert.denied, 488 U.S. 854, 109 S.Ct. 140, 102 L.Ed.2d 113 (1988).
We are mindful of the rule that exceptions to coverage are to be interpreted as narrowly as possible in order to provide maximum coverage for the insured, and that clauses setting out exceptions must be construed most strongly against the company that issued the policy. However, insurance contracts, like other contracts, are construed to give effect to the intention of the parties thereto, and when the intention is clear and unambiguous, as it is in this case, the policy must be enforced as written. State Farm Mutual Automobile Insurance Co. v.Lewis, supra.
For the foregoing reasons, the judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and JONES, SHORES and KENNEDY, JJ., concur.
[1] We note that the truck in which Paul Wakefield was killed also fell within the policy definition of "utility vehicle." We do not think that State Farm, by separately defining "utility vehicle," intended to exclude a "utility vehicle" from the definition of a "newly acquired car."