On July 4, 1994, Sidney Darrell Bowman, a volunteer firefighter for the City of Rainsville (the "City"), was involved in a motor vehicle accident while responding to a fire call. Bowman was driving his own vehicle and was proceeding along Highway 75 between Fyffe and Rainsville when he received the fire call over his radio. After informing the dispatcher of his location, Bowman was ordered to proceed to the fire station and to drive the fire truck to the location of the fire. Bowman placed a flashing red light on the roof of his vehicle and headed to the fire station. On the way, his vehicle collided with a vehicle operated by Darla Gayle Holkem Cuzzort.
On October 5, 1994, State Farm Mutual Automobile Insurance Company (State Farm), the City's insurer, filed in the circuit court a complaint for declaratory judgment, seeking a declaration of its rights and responsibilities under the insurance policy State Farm had issued to the City. Specifically, State Farm asked the trial court to declare that Bowman was not a named insured, that Bowman's personal vehicle was not a vehicle insured under the policy, and that State Farm did not have a duty to defend or indemnify either Bowman or the City. Bowman filed a counterclaim, asking that the trial court declare that he was entitled to indemnity from the City or State Farm for any liability he might incur as a result of the accident.
The case proceeded to a bench trial on May 20, 1997. After hearing the testimony of Kim Robison, an operations superintendent for State Farm, the trial court entered a judgment on July 8, 1997, holding that the insurance policy did not provide coverage to the City for Bowman's accident. That judgment also held that Bowman was not entitled to indemnity from State Farm or the City. On July 30, 1997, Bowman filed a motion under Rule 59, Ala. R. Civ. P., arguing only that the trial court's ruling that he was not entitled to indemnity fromthe City was not supported by the evidence. On August 1, the City "joined" Bowman's motion. The City amended its Rule 59 motion on September 5, 1997; the amended motion argued that theentire judgment was against the great weight of the evidence. On September 8, 1997, the trial court granted Bowman's motion and amended its judgment to omit that portion of the judgment stating that Bowman had no right to indemnity from the City. On September 10, 1997, the trial court denied the City's amended motion. The City appealed the judgment on September 16, 1997. We affirm.
State Farm first argues that the City's appeal is untimely. It contends that the issue of the interpretation of the insurance policy is foreclosed on appeal because the City's only timely action pursuant to Rule 59 was to join Bowman's motion on August 1, 1997, which motion pertained only to Bowman's right to indemnity from the City; it contends that the City's amended motion, which addressed the remainder of the judgment, was filed on September 5, 1997, more than 30 days after the judgment. Therefore, State Farm argues that the City's September 16, 1997, appeal was untimely as to the interpretation issue.
However, State Farm overlooks the fact that "the trial court has discretion to allow an amendment to a [Rule 59] motion . . . to state an additional ground after 30 days from the final judgment, if the original motion was timely filed and is still before the court when the amendment is offered." Alabama FarmBureau Mut. Cas. Ins. Co. v. Boswell, 430 So.2d 426, 428
(Ala. 1983); see also Barnes v. George, 569 So.2d 382, 384
(Ala. 1990). Nothing in the record reflects that the City's amendment to its Rule 59 motion, which was filed while the original motion was still pending, was disallowed. In fact, in its order denying that motion, the trial court specifically denied the City's motion as amended. Therefore, we conclude that the trial court allowed the City's amendment and that the appeal is timely.
The trial court construed the insurance policy and held that it did not extend coverage to the City for Bowman's accident. The City argues that the policy is ambiguous and urges this court to reverse the judgment of the trial court. State Farm argues that the policy is clear and unambiguous and urges us to affirm the trial court's judgment. *Page 712 
The general law concerning the construction of insurance policies in Alabama is well settled. State Farm Mut. Auto. Ins.Co. v. Lewis, 514 So.2d 863, 865 (Ala. 1987). Any ambiguities in an insurance policy are to be construed against the insurer and to the benefit of the insured. Alabama Farm Bureau Mut. Cas.Ins. Co. v. Presley, 384 So.2d 122 (Ala.Civ.App. 1980); seealso Lewis, 514 So.2d at 865. If, however, a policy's provisions are not ambiguous, the policy must be enforced as written. Lewis, 514 So.2d at 865. When a trial court has before it an unambiguous policy, its duty is to determine the meaning of the policy's terms; "[t]his duty does not include the authority to construe [policy] terms to mean anything except what is set out in plain language." Johnson v. Cervera,508 So.2d 257, 258 (Ala. 1987). Nor can the trial court "creat[e] an ambiguity by 'strained and twisted' reasoning." Wilhite v.State Farm Fire Cas. Ins. Co., 541 So.2d 22, 24
(Ala.Civ.App. 1989).
According to State Farm, the policy does not extend coverage to entities, as opposed to persons, for accidents in "non-owned cars". The pertinent provisions and definitions read as follows:
 "Insured — means the person, persons or organization defined as insureds in the specific coverage.
". . . .
 "Non-Owned Car — means a car not owned by or registered or leased in the name of
"1. you, your spouse
 "2. any relative unless at the time of the accident or loss;
 "a. the car has been described on the declarations page of a liability policy within the preceding 30 days; and
 "b. you, your spouse or a relative who does not own or lease such car is the driver.
 "3. any other person residing in the same household as you, your spouse, or any relative;
or
 "4. an employer of you, your spouse or any relative.
". . . .
"Person — means a human being.
". . . .
 "You or your — means the named insured or named insureds shown on the declarations page.
". . . .
"When we refer to a non-owned car, insured means:
"1. the first person named in the declarations;
"2. his or her spouse;
"3. their relatives; and
 "4. any person or organization which does not own or hire the car but is liable for its use by one of the above persons."
The provisions of the insurance policy clearly state that, in situations involving a "non-owned car," the definition of insured is limited to the first person, that is, the firsthuman being, named in the policy declarations. Ms. Robison testified that the policy as a whole was intended to insure both human beings and non-human entities. However, she also testified that "non-owned" coverage is not afforded to non-human entities under the policy. According to Ms. Robison, State Farm has another policy, the "employer's non-ownership liability policy," that does provide non-owned coverage to non-human entities.
The City argues that the policy is ambiguous because State Farm knows that the policy was intended to insure against the actions of those persons employed by the City. State Farm agrees that the policy covers the actions of the City's employees. However, the City's employees are covered under the policy only if they are driving a vehicle owned by the City and named on the policy's declarations page. According to the policy, a City employee is not covered under the policy when he is driving a "non-owned car." To construe the insurance contract differently would contradict the language intentionally used by State Farm to limit coverage for non-owned cars. In addition, it would potentially widen the coverage under the policy to all cars owned by the City's employees. Such a result runs contrary to the language used in the policy. *Page 713 
The provisions of the State Farm policy are clear and unambiguous. The policy limits the term insured for the purposes of non-owned car coverage to persons, which are defined as human beings, and not entities. Therefore, the policy must be enforced as written. Lewis, 514 So.2d at 865. The judgment of the trial court is affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, MONROE, and THOMPSON, JJ., concur.