Mike Hipsh and Christine Hipsh ("the Hipshes") appeal from a judgment in favor of Graham Creek Estates Owners Association, Inc. ("the Association"), enjoining the Hipshes from violating a restrictive covenant.
In June 2004, the Association filed the present action, alleging that the Hipshes were parking a "camper trailer" in their driveway in violation of the restrictive covenants applicable to the Graham Creek Estates subdivision ("the subdivision"), and seeking to enjoin the violation. The Hipshes answered, and the case was tried ore tenus in September 2004. In October 2004, the trial court entered a judgment in favor of the Association. The Hipshes appeal.
The Hipshes own a house and a lot in the subdivision, which is subject to restrictive covenants, including a restrictive covenant that provides:
 "8. No modular home, manufactured home, mobile home, trailer home, travel trailer or recreational vehicle will be permitted as a residence. No commercial-type vehicles . . . larger than three-quarter *Page 848 
(3/4) ton pickup trucks, and no recreational vehicles such as motor homes, house trailers, and campers shall be stored or parked on any lot except while parked in a closed garage, nor parked on any residential street in the subdivision. . . ."
(Emphasis added.)
The Hipshes own a 28-foot by 8-foot trailer that they park in their driveway. The vehicle is suitable for use in camping and vacationing. It is equipped with air conditioning, plumbing, sleeping facilities, cooking facilities, and electrical hook-ups. There was evidence presented indicating that Mr. Hipsh uses the trailer for camping[1] during trips to the mountains and trips to a hunting camp. The Hipshes contend that their vehicle is not a "camper," however, because it is equipped with plumbing and air conditioning. The certificate of title to the Hipshes' vehicle describes it as a "travel trailer."
The Hipshes contend that paragraph 8 of the restrictive covenants is internally inconsistent and is ambiguous because the first sentence applies to both "travel trailers" and "recreational vehicles," but the second sentence applies only to "recreational vehicles." They contend that, by listing both types of vehicles in one sentence and omitting travel trailers from the second sentence, paragraph 8 implies that a "travel trailer" is different from a "recreational vehicle" and that, therefore, their travel trailer is not within the scope of the second sentence. The Hipshes also contend that the covenant is ambiguous because the term "recreational vehicle" also encompasses boats, but the Association has never subjected boats to enforcement under paragraph 8. Based on these alleged ambiguities and inconsistencies, the Hipshes contend that the second sentence of paragraph 8 cannot be enforced against their travel trailer.
 "Because the trial court heard ore tenus evidence, the trial court's findings of fact are given a presumption of correctness, and we will not reverse the trial court's judgment based on those findings of fact `unless it is clearly erroneous, without supporting evidence, manifestly unjust, or against the great weight of the evidence.' Odom v. Hull, 658 So.2d 442, 444 (Ala. 1995). Where, however, the issue is the application of law to the facts, the presumption of correctness has no application and our review is de novo."
Page v. Gulf Coast Motors, 903 So.2d 148, 150 (Ala.Civ.App. 2004).
Restrictive covenants will be recognized and enforced when established by contract, but they are not favored and will be strictly construed. Carpenter v. Davis, 688 So.2d 256, 258
(Ala. 1997). Our Supreme Court has held that
 "in construing restrictive covenants, all doubts must be resolved against the restriction and in favor of free and unrestricted use of property. However, effect will be given to the manifest intent of the parties when that intent is clear. . . . Furthermore, restrictive covenants are to be construed according to the intent of the parties in the light of the terms of the restriction and circumstances known to the parties."
Hines v. Heisler, 439 So.2d 4, 5-6 (Ala. 1983). If "there is no inconsistency or ambiguity within a restrictive covenant, the clear and plain language of the covenant is enforceable by injunctive relief." Carpenter, 688 So.2d at 258. *Page 849 
 "`[W]hether or not a written contract is ambiguous is a question of law for the trial court.' `An ambiguity exists where a term is reasonably subject to more than one interpretation.' `The mere fact that adverse parties contend for different constructions does not in itself force the conclusion that the disputed language is ambiguous.'"
Ex parte Awtrey Realty Co., 827 So.2d 104, 107 (Ala. 2001) (citations omitted). Moreover, the parties cannot create ambiguities by setting forth "strained or twisted reasoning."Twin City Fire Ins. Co. v. Alfa Mut. Ins. Co., 817 So.2d 687,692 (Ala. 2001). Nor does an undefined word or phrase create an inherent ambiguity. Id.
The second sentence of paragraph 8 prohibits the storage and parking of "recreational vehicles" on a lot in the subdivision except in a closed garage. The dispositive issue, therefore, is whether the Hipshes' trailer is a "recreational vehicle."
The term "recreational vehicle" is not defined in the restrictive covenants. That term is illustrated in the covenants, however, by the use of the phrase "such as motor homes, house trailers, and campers." (Emphasis added.) We further note that § 32-8-2(22), Ala. Code 1975 (part of the Uniform Certificate of Title and Antitheft Act, § 32-8-2 et seq., Ala. Code 1975), defines "travel trailer" as "[a] vehicle without motive power, designed and constructed as a camping vehicle or a temporary dwelling . . ., but not including folding or collapsible camping trailers. . . ." The Hipshes' vehicle conforms to the statutory definition of "travel trailer," and, as noted, it is titled by the State of Alabama as such.
Looking at the "ordinary, plain, and natural meaning," seeHomes of Legend, Inc. v. McCollough, 776 So.2d 741, 746 (Ala. 2000), of the term "recreational vehicle," we note that that term is broad enough to encompass a variety of vehicles used for vacationing, camping, or other recreational activities.[2]
In Keleher v. Keleher, 389 So.2d 1160, 1162 (Ala.Civ.App. 1980), this court appeared to use the terms "recreational vehicle" and "travel trailer" interchangeably to refer to the same vehicle, although nothing in that case turned on the classification of the vehicle at issue. Indeed, it appears from the record in the present case, that the parties themselves used the terms contained in paragraph 8 interchangeably.
Gary Pitts, the immediate past president of the Association testified that a "[r]ecreational vehicle is a motor home or a travel trailer or a camper." Similarly, the Hipshes have not consistently made any distinction among travel trailers, motor homes, campers, and recreational vehicles. In their answer, the Hipshes "admit to maintaining a camper trailer beside the house, but deny doing so violates any protective covenants." The Hipshes' answer also states that their "camper trailer is a recreational vehicle, but so are boats. . . ." At trial, Mr. Hipsh testified that his vehicle was "[s]ome form of a recreational vehicle."
A letter that Mr. Hipsh sent to the Association in February 2004 in response to the Association's notice of violation did *Page 850 
not mention a distinction between travel trailers and recreational vehicles or assert that the Hipshes' vehicle was not a "recreational vehicle." Mr. Hipsh's February 2004 letter conceded that he was "parking an attractive new RV beside his house." That letter did not assert that paragraph 8 of the restrictive covenants did not apply to the Hipshes' vehicle. Mr. Hipsh's second letter to the Association in March 2004 also does not assert that the Hipshes' vehicle is not a "recreational vehicle" or that the restrictive covenants do not apply to his vehicle. That letter refers to the vehicle as a "camper trailer." A "camper" is a type of vehicle expressly listed in paragraph 8 as an example of a "recreational vehicle."
The plain meaning of the relevant terms and the parties' understanding of those terms is reinforced by the purpose of the restrictive covenants, which is to promote a degree of aesthetic uniformity within the subdivision. Paragraph 8 clearly attempts to advance that purpose. That purpose would not be advanced by a distinction between motor homes and travel trailers, which are largely similar, except that travel trailers are not self-propelled.
The Hipshes' second contention is that paragraph 8 is ambiguous because it does not prohibit exposed storage of boats, which, they contend, also are "vehicles" used for recreation and thus are "recreational vehicles." Boats are not comparable to the other types of vehicles referenced in paragraph 8, all of which are land-based vehicles. Nor would the absence of a restriction on the storage of boats in the restrictive covenants be surprising given the fact that the restrictive covenants in this case govern a waterfront subdivision that includes a common area that has been improved for use in launching boats. Finally, even if boats are considered to be recreational vehicles within the meaning of paragraph 8, the Hipshes have cited no authority for the proposition that the Association's failure to enforce the restrictions of paragraph 8 against boats estops the Association from enforcing paragraph 8 against travel trailers.
The trial court received the above-described evidence, viewed a brochure depicting the type of vehicle at issue, and found and concluded that the restrictive covenant was not ambiguous and that the Hipshes' vehicle was a "recreational vehicle" subject to the restrictions of paragraph 8 of the restrictive covenants. We find ample support for the trial court's judgment in the record before us, and we see no error in that judgment.
The Association's request for an attorney fee on appeal is denied.
AFFIRMED.
CRAWLEY, P.J., and THOMPSON, PITTMAN, and BRYAN, JJ., concur.
[1] The Hipshes deny that their use of the trailer constitutes "camping," but Mr. Hipsh testified at trial that he stayed in the trailer in campgrounds.
[2] Appellate cases in this state have used the term "recreational vehicle" to refer to a variety of vehicles, including four-wheel, off-road vehicles, Wilhite v. State FarmFire Cas. Ins. Co., 541 So.2d 22 (Ala.Civ.App. 1989); personal watercraft and all-terrain vehicles, Polaris Sales, Inc. v.Heritage Imports, Inc., 879 So.2d 1129 (Ala. 2003); and a Volkswagen camper van, Volkswagen of America, Inc. v. Harrell,431 So.2d 156 (Ala. 1983). The foregoing cases are relevant to this case only as they illustrate the breadth of the term "recreational vehicles."