Reyna M. Rodriguez ("the former wife") appeals from an order that was issued after the entry of a judgment in a post-divorce modification proceeding. We dismiss the appeal ex meromotu based upon a lack of appellate jurisdiction.
This case has a complicated procedural history. The record indicates that the Madison Circuit Court entered a judgment divorcing the former wife and Jose A. Rodriguez, Jr. ("the former husband"), in 1998. The divorce judgment incorporated a settlement agreement signed by the parties that provided, among other things, that the former wife would receive an award of periodic alimony in the amount of $2,110 per month and that, as a part of the property division, the former husband would receive all right, title, and interest in a parcel of commercial business property that had served as the offices for the former husband's hospital-equipment business. *Page 602 
The case-action summary does not indicate the motions that may have been filed by either party in this case during the four years following the divorce; however, the record indicates that the former wife filed a petition for a finding of contempt against the former husband, averring that he should be found in contempt of court for, among other things, failing to pay an outstanding alimony arrearage, failing to pay monthly periodic-alimony payments, and failing to keep the commercial business property listed with a real-estate agent. On November 23, 2004, after holding a hearing, the trial court entered a judgment that, among other things, determined the former husband's alimony arrearage to be $63,500 but reduced the former husband's prospective alimony obligation. The trial court's judgment also directed the former husband to execute a statutory warranty deed to the former wife conveying any and all interest that he might have in the commercial business property. The judgment further provided that if the former husband was unable to execute the deed, he was to assign all right, title, and interest in the commercial business property to the former wife so that the commercial business property could be sold and the net proceeds from the sale could be applied toward the former husband's alimony arrearage.
On December 21, 2004, the former husband filed a postjudgment motion requesting that the trial court clarify its November 23, 2004, judgment. The next day, the former wife filed a motion to alter, amend, or vacate the November 2004 judgment pursuant to Rule 59(e), Ala. R. Civ. P., requesting that the trial court revisit its alimony-arrearage calculation, clarify certain provisions in the judgment, and amend the judgment to direct the former husband to pay certain outstanding credit obligations. On January 7, 2005, the former wife filed a motion objecting to the transfer of the commercial business property to the former wife.[1]
On January 28, 2005, after holding a hearing, the trial court amended its judgment. In that amended judgment, the trial court found that the former husband had not paid certain credit-card debts that he had been obligated to pay in the original divorce judgment. Although the trial entered a judgment in favor of the former wife against the former husband in the amount of $19,592.73 as to those debts and ordered that execution of the judgment as to those debts should issue, the trial court's amended judgment denied the former wife's postjudgment motion in all other respects. No appeal was taken from the trial court's amended judgment.
On April 14, 2005, a "certificate of judgment" was issued against the former husband. Twelve days later, a writ of execution was issued. That same day, the former husband filed a notice of right to claim exemption and a claim of exemption. The former wife subsequently filed a motion objecting to the former husband's claim of exemption.
On July 7, 2005, the former husband filed a motion for relief from the trial court's January 2005 amended judgment, asserting that neither he nor his counsel had received a copy of the January 2005 amended judgment granting in part and denying in part the former wife's postjudgment motion and that the former husband had no knowledge that the trial court had entered a civil judgment against him *Page 603 
in the amount of $19,592.73 until he was served with a "notice of levy" by a sheriff's deputy. In that motion, the former husband asserted that he had been prejudiced by the trial court's "oversight" in allegedly failing to send a copy of its amended judgment because he had been unable to timely seek an appeal from the trial court's amended judgment. The former husband requested that the trial court make the "record date of rendering of the [o]rder speak the truth by altering or changing the date from the 28th day of January 2005, to a date that would reasonably provide [the former husband] with opportunity to appeal the trial court's [o]rder."
After holding a hearing, the trial court entered an order on September 21, 2005, determining the former husband's entitlement to certain exemptions. That order purported to amend the January 28, 2005, amended judgment:
 "That brings the issue of the motion for relief from judgment as filed by [the former husband] before the Court, which the Court determined should be granted. [The former husband's attorney] expressly appeared before the Court in the hearing that resulted in the entry of the order by the Court on January 28, 2005, but he also did not receive distribution of any copy of the order as required by the Rules of Civil Procedure. It is conceivable that the [former husband] was not aware of the judgment having been entered, therefore he was prohibited from being permitted to file any appeal or motion before the Court to stay execution of the order entered by the Court on January 28th. Therefore, the Court hereby amends the Order of January 28, 2005[,] and causes the re-issuance of same such that the Order of that judgment shall now be considered to be entered as of the 21st day of September, 2005."
The former wife filed a notice of appeal on November 2, 2005. Her appeal challenges those aspects of the trial court's November 23, 2004, judgment, as amended by its January 28, 2005, amended judgment, requiring transfer of the commercial business property to the former wife and calculating the former husband's alimony arrearage.
Based upon a review of the record and the pertinent provisions of law, we conclude that this court does not have jurisdiction to hear this appeal. "[Jurisdictional matters are of such magnitude that [an appellate court will] take notice of them at any time and [will] do so even ex mero motu." Nunn v.Baker, 518 So.2d 711, 712 (Ala. 1987); see also
Rule 2(a)(1), Ala. R.App. P. (providing that an appeal shall be dismissed if the notice of appeal is not timely filed to invoke the jurisdiction of the appellate court).
Rule 4(a)(1), Ala. R.App. P., provides (with limited exceptions not pertinent to this case) that a party desiring to appeal to an appellate court must file his or her notice of appeal within 42 days of the date of the entry of the judgment. Although Rule 4(a)(3), Ala. R.App. P., provides that the filing of a postjudgment motion under Rule 59, Ala. R. Civ. P., will suspend the time for filing a notice of appeal, "the full time fixed for filing a notice of appeal shall be computed from the date of the entry in the civil docket of an order granting or denying such motion." In this case, the trial court rendered an order denying, in pertinent part, the former wife's postjudgment motion on January 28, 2005, and it entered that order on the civil docket. Thus, the 42-day period for filing a notice of appeal from the trial court's amended judgment expired on March 11, 2005. Because the former wife's notice of appeal was not filed until November 2, 2005, it is untimely. *Page 604 
Although the trial court purported to grant the former husband's motion for relief from its amended judgment on September 21, 2005, based upon a lack of notice of the entry of that court's January 28, 2005, amended judgment granting in part and denying in part the former wife's postjudgment motion, the language of the former husband's motion demonstrates that it was, in substance, an untimely motion seeking relief available under Rule 77(d), Ala. R. Civ. P., which "exclusively governs situations in which a party claims lack of notice of the entry of a judgment or order." Hopper v. Sims, 777 So.2d 122,125 (Ala.Civ.App. 2000).
Rule 77(d), Ala. R. Civ. P., provides, in pertinent part, as follows:
 "Lack of notice of the entry [of an order or judgment] by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except that upon a showing of excusable neglect based on a failure of the party to learn of the entry of the judgment or order the circuit court in any action may extend the time for appeal not exceeding thirty (30) days from the expiration of the original time now provided for appeals in civil actions."
Thus, the trial court lost jurisdiction to grant the former husband's motion 72 days after the January 2005 order amending its November 2004 judgment had been entered (i.e., the 42 days permitted under Rule 4, Ala. R.App. P., plus the 30 days specified in Rule 77(d)), i.e., on April 11, 2005.[2] To the extent that the trial court purported to "reissue" its amended judgment so as to restart the time period for appealing from that judgment, the trial court's September 21, 2005, rder is a nullity.
In summary, the former wife's notice of appeal was filed more than 42 days after the trial court had entered its amended judgment granting in part and denying in part the former wife's postjudgment motion. Consequently, the November 2, 2005, notice of appeal is untimely as a matter of law, and this court must dismiss the appeal based upon the absence of appellate jurisdiction. Rule 2(a)(1), Ala. R.App. P. The trial court is directed to vacate that portion of its September 21, 2005, order quoted above.
APPEAL DISMISSED WITH INSTRUCTIONS TO THE CIRCUIT COURT.
CRAWLEY, P.J., and THOMPSON and BRYAN, JJ., concur.
MURDOCK, J., concurs in the result, without writing.
[1] That motion is most properly cognizable as an amendment to the former wife's previously-filed postjudgment motion; such an amendment may be permitted by a trial court within its discretion. See City of Rainsville v. State Farm Mut. Auto.Ins. Co., 716 So.2d 710, 711 (Ala.Civ.App. 1998).
[2] The 72d day following January 28, 2005, was April 10, 2005. April 10, 2005, was a Sunday; therefore, the notice of appeal would have had to have been filed by April 11, 2005.See Rule 26, Ala. R.App. P., and Rule 6, Ala. R. Civ. P.